**Edward E. ROMP and Dorothy G. Romp, Plaintiffs–Appellants,**

v.

**UNITED STATES of America; Internal Revenue Service; John Gallagher; Christie Arlinghaus–Clem; Andrew A. Okapal; Diane Villa; J. Does, Defendants–Appellees.**

No. 03–4081.

United States Court of Appeals, Sixth Circuit.

May 3, 2004.

Edward E. Romp, Monclova, OH, pro se.

Dorothy G. Romp, Monclova, OH, pro se.

Jonathan S. Cohen, Sara Ann Ketchum, U.S. Department of Justice, Washington, DC, for Defendants–Appellees.

Before MERRITT and MOORE, Circuit Judges; and DUGGAN,* District Judge.

### ORDER

Edward and Dorothy Romp, pro se Ohio residents, appeal a district court order dismissing their civil complaint filed pursuant to 26 U.S.C. § 7433 seeking monetary damages and an order prohibiting the Internal Revenue Service (IRS) from collecting taxes against them in the future. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking damages in excess of $82.500.00, unspecified punitive damages, and injunctive relief, the Romps allege that the United States, the IRS, and various IRS employees recklessly or intentionally disregarded "provisions and regulations at 26 U.S.C. 7214(a)(1–9) and possibly 6331, 6501, 6303 and 26 C.F.R. [301.]6301–1, 6203–1" by knowingly demanding and collecting sums greater than are authorized by law. Attached to the complaint is an IRS notice reminding the Romps of past due taxes, an IRS notice of intent to levy, and four letters of protest from the Romps to the IRS and individual IRS agents challenging the authority of the IRS to assess or collect the taxes at issue. The district court dismissed the case, concluding that it lacked subject matter jurisdiction over the claim for injunctive relief and that the complaint otherwise failed to set forth valid claims for relief.

In their timely appeal, the Romps assert that the district court erred in dismissing their complaint before having it served on the defendants, that they stated a valid claim under 26 U.S.C. § 7433, and that they stated a claim under 26 U.S.C. § 7214. The individual defendants have moved for sanctions against the Romps for filing a frivolous appeal.

This court reviews *de novo* the district court's decision to dismiss a claim for lack of subject matter jurisdiction under Fed. R.Civ.P. 12(b)(1). *See Duncan v. Rolm Mil–Spec Computers,* 917 F.2d 261, 263 (6th Cir.1990). The district court properly dismissed this action in its entirety.

Section 7433 provides a cause of action against the United States for money damages if, "in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of [title 26], or any regulation promulgated under [title 26]." 26 U.S.C. § 7433(a). The United States' waiver of sovereign immunity in § 7433 is strictly construed and, by its terms, does

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

not provide taxpayers a cause of action for an allegedly improper assessment of taxes. *See Judicial Watch v. Rossotti,* 317 F.3d 401, 411 (4th Cir.2003); *Shreiber v. Mastrogiovanni,* 214 F.3d 148, 154 (3d Cir. 2000); *Miller v. United States,* 66 F.3d 220, 222–23 (9th Cir.1995); *Shaw v. United States,* 20 F.3d 182, 184 (5th Cir.1994). Section 7433 is an exclusive remedy and bars claims against individual revenue agents. *See Fishburn v. Brown,* 125 F.3d 979, 982–83 (6th Cir.1997).

Subsection (d)(1) provides that "[a] judgment for damages shall not be awarded under [this section] unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). By regulation, no action can be filed in federal court until a decision is rendered by the agency, six months have passed since the filing of the administrative claim, or the administrative claim has been filed and less than six months remain in the statute of limitations. *See* 26 C.F.R. § 301.7433–1(d).

■ The complaint fails to allege that the plaintiffs have exhausted their administrative remedies. Because Congress has specifically limited the waiver of the United States' immunity to those cases where the plaintiff has exhausted administrative remedies within the IRS under § 7433, the district court never had subject matter jurisdiction over the Romps' § 7433 claim and should have dismissed it for that reason alone. *See Fishburn,* 125 F.3d at 982.

■ With respect to the Romps' request for injunctive relief, the Anti–Injunction Act prohibits courts from entertaining suits seeking injunctions against the assessment or collection of taxes, *see* 26 U.S.C. § 7421(a); *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 2, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), and no exception apples in this case. *See Enochs,* 370 U.S. at 5–7, 82 S.Ct. 1125.

To the extent that the reference in the complaint to 28 U.S.C. § 1346(a) can be read as alleging a cause of action for a refund of income tax filed under 26 U.S.C. § 7422, a district court lacks jurisdiction under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422 unless a taxpayer files a claim for a refund of disputed taxes and pays the full amount of a tax deficiency before filing suit. *See Flora v. United States,* 362 U.S. 145, 146–63, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960); *Martin v. Commissioner,* 753 F.2d 1358, 1360 (6th Cir.1985). There are no facts alleged that the plaintiff paid the amount of the tax deficiency or filed an administrative claim for refund before filing suit.

Finally, 26 U.S.C. § 7214 is a criminal statute. A revenue officer or employee convicted of violating § 7214 is subject to a fine of not more than $10,000 and up to five years imprisonment. In addition, the court is required to render a judgment against officer or employee for "damages sustained in favor of the party injured." *See* 26 U.S.C. § 7214(a). If an individual taxpayer's suit for damages under this section is available, the Romps do not allege that a criminal conviction has been obtained against any of the defendants.

Given that the Romps were given an opportunity to amend their complaint, and that their amended complaint is patently devoid of factual allegations that would support this court's jurisdiction, the district court did not err in dismissing the complaint before all of the defendants were served. The appellees' motion for sanctions is DENIED, and the district court's order dismissing this action is AFFIRMED. Rule 34(j)(2)(C), Rules of the Sixth Circuit.