*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 11a0089p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————————

KENNETH HOOGERHEIDE,

*Plaintiff-Appellant,*

v.

No. 10-1126

INTERNAL REVENUE SERVICE; UNITED
STATES OF AMERICA,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 08-00765—Janet T. Neff, District Judge.

Argued: March 8, 2011

Decided and Filed: April 12, 2011

Before: BATCHELDER, Chief Judge; CLAY and SUTTON, Circuit Judges.

————————————

## COUNSEL

**ARGUED:** Matthew S. DePerno, DePERNO LAW OFFICE, PLLC, Mattawan,
Michigan, for Appellant. Jennifer M. Rubin, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Appellees. **ON BRIEF:** Matthew S. DePerno,
DePERNO LAW OFFICE, PLLC, Mattawan, Michigan, for Appellant. Jennifer M.
Rubin, Deborah K. Snyder, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Appellees.

————————————

## OPINION

————————————

SUTTON, Circuit Judge. After the Internal Revenue Service sold Kenneth
Hoogerheide's property to offset unpaid taxes, Hoogerheide sued the IRS and several
of its employees. Many of the claims fell by the wayside for one reason or another,
leaving a money-damages claim against the United States, which the district court

1

dismissed for lack of jurisdiction.  We affirm the dismissal, though not the explanation, as Hoogerheide's failure to exhaust the IRS's administrative remedies did not deprive the court of jurisdiction over the damages claim.

I.

Hoogerheide, like most everyone, owed the IRS taxes.  Yet, unlike most everyone, he neglected to pay them.

In May 2006, the IRS tried to collect some of his unpaid taxes by auctioning a piece of real estate he owned.  Hoogerheide responded by offering a compromise and, later that month, by requesting a hearing.  Over the next few months, Hoogerheide's counsel sent fifteen more letters to various IRS officials and the Taxpayer Advocate Office about his situation.  Some letters requested information under the Freedom of Information Act, 5 U.S.C. § 552, while others focused on resolving or delaying the tax collection action.  The IRS sold Hoogerheide's property on August 15, 2006.

Two years later, Hoogerheide filed this action against the IRS (later replaced by the United States as the defendant) and several of its employees.  The district court dismissed all of the claims against the individual defendants for failure to prosecute them.  Hoogerheide withdrew most of the remaining claims, leaving a claim for damages and a request for a temporary restraining order designed to stop the collection action and return the auctioned property.  *See* 26 U.S.C. § 7433.  Because Hoogerheide failed to exhaust his administrative remedies, the court dismissed the damages claim for lack of subject matter jurisdiction and dismissed the request for a temporary restraining order as moot.  Hoogerheide appealed.

II.

The district court had good reason to assume that a plaintiff's failure to exhaust the IRS's administrative remedies deprives the federal courts of subject matter jurisdiction over a § 7433 damages action.  We have said as much before.  *See, e.g.*, *Fishburn v. Brown*, 125 F.3d 979, 982 (6th Cir. 1997); *Romp v. United States*, 96 F. App'x 978, 980 (6th Cir. 2004).

Since these decisions, however, the Supreme Court has changed course. Concerned about the vanishing distinction between the mandatory requirements of a cause of action and jurisdiction over that cause of action, the Court in 2006 drew an "administrable bright line" between the two. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006). Here is the line:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. . . . But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*Id.* at 515–16. Since *Arbaugh*, we have re-assessed the line between jurisdictional and claims-processing requirements in several settings. *See, e.g.*, *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005–06 (6th Cir. 2009) (existence of union contract goes to the merits, not to jurisdiction over a claim under the Labor Management Relations Act); *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 401–02 (6th Cir. 2008) (administrative exhaustion goes to a plaintiff's right to relief, not to jurisdiction over a claim under the Age Discrimination in Employment Act); *Thomas v. Miller*, 489 F.3d 293, 296 n.3 (6th Cir. 2007) (numerosity requirement goes to the scope of liability, not to jurisdiction over a claim under the Family Medical Leave Act).

In the aftermath of *Arbaugh*, it no longer is appropriate to treat the exhaustion requirements for bringing a § 7433 claim as jurisdictional. Mandatory though the exhaustion requirement in § 7433(d) may be, it is not jurisdictional.

Three interlocking statutes and regulations define the terms and conditions for bringing this type of lawsuit. *One*, § 7433(a) permits a taxpayer to bring "a civil action for damages against the United States" if "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence" violates a provision of the Internal Revenue Code. 26 U.S.C. § 7433(a). *Two*, § 7433(d) provides that "[a] judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff." *Id.*

§ 7433(d).  *Three*, a Treasury Regulation provides one of the administrative remedies that must be exhausted:  "An administrative claim . . . shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides."   26 C.F.R. § 301.7433-1(e)(1).   The regulation adds that this administrative claim must include "[t]he dollar amount of the claim," *id.* § 301.7433-1(e)(2)(iv), "[a] description of the injuries incurred by the taxpayer filing the claim," *id.* § 301.7433-1(e)(2)(iii), and "[t]he name, current address, current home and work telephone numbers and any convenient times to be contacted . . . of the taxpayer making the claim," *id.* § 301.7433-1(e)(2)(i).

*Arbaugh*'s "readily administrable bright[-]line" rule places this exhaustion requirement on the nonjurisdictional side of the line.  The requirement "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982).  It provides a limitation on an "award" of a "judgment for damages," 26 U.S.C. § 7433(d), not on the federal courts' jurisdiction.  "Under *Arbaugh*, we look to see if there is any 'clear' indication that Congress wanted the rule to be 'jurisdictional,'" and "[t]he terms of [§ 7433(d)] do not suggest, much less provide clear evidence, that the provision was meant to carry jurisdictional consequences." *Henderson v. Shinseki*, __ U.S. __, 131 S. Ct. 1197, 1204 (2011).

Section 7433(d) "establishes a condition"—exhaustion—"that plaintiffs ordinarily must satisfy before filing a[] . . . claim and invoking the [statute's] remedial provisions." *Reed Elsevier, Inc. v. Muchnick*, __ U.S. __, 130 S. Ct. 1237, 1242 (2010). Construing a similar provision, *Reed Elsevier* held that the Copyright Act's registration requirement was nonjurisdictional.  Under the Copyright Act, "[t]he legal . . . owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for . . . infringement." 17 U.S.C. § 501(b).  Section 411 of that Act says that "no civil action for infringement . . . shall be instituted until preregistration or registration . . . has been made."   The Court reasoned that it had "treated as

nonjurisdictional other types of threshold requirements that claimants must complete, or exhaust, before filing a lawsuit." 130 S. Ct. at 1246–47.

The Court has not wavered from this rule. Each time it has construed a statutory requirement that a plaintiff proceed in another forum or seek redress in other ways before coming to federal court, it has construed the requirement as nonjurisdictional. *See Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs*, __ U.S. __, 130 S. Ct. 584 (2009) (requirement to conference before seeking arbitration); *Reed Elsevier, Inc.*, 130 S. Ct. at 1248 (requirement to register copyright); *Zipes*, 455 U.S. at 393 (requirement to file charge with EEOC before filing in court).

It makes no difference that § 7433(d) requires a court to "determine[] that the plaintiff has exhausted" available administrative remedies. What is mandatory is not necessarily jurisdictional. The requirement simply imposes a precondition on an award of damages, akin to other nonjurisdictional preconditions on a plaintiff's right to relief.

Consider *Jones v. Bock*, 549 U.S. 199 (2007), which dealt with a similar exhaustion requirement under the PLRA. "No action," the law said, "shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "There is no question," the Court acknowledged, "that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211. Yet the parties in *Jones* agreed that exhaustion is "typically regard[ed] . . . as an affirmative defense," and the Court acknowledged that "[w]e have referred to exhaustion in these terms." *Id.* at 212. The PLRA's "silen[ce] on the issue whether exhaustion" was an affirmative defense or an element of a plaintiff's claim, the Court reasoned, was "strong evidence that the usual practice should be followed," *id.*, that the exhaustion requirement should be—and indeed was—treated as an affirmative defense. The same is true here in two respects. An exhaustion requirement generally will be treated as an affirmative defense, *see Kim v. United States*, 632 F.3d 713 (D.C. Cir. 2011) (treating § 7433(d) as an affirmative defense), and accordingly as a nonjurisdictional one, *see Reed Elsevier, Inc.*, 130 S. Ct. at 1246–47 & n.6; *Allen v. Siebert*, 552 U.S. 3, 6–7 (2007) (per curiam). And just as

silence in the PLRA about whether exhaustion is an element of a plaintiff's claim required courts to construe it as an affirmative defense, silence on whether § 7433(d) is a jurisdictional requirement requires us to treat it as nonjurisdictional.

Context also shows that this "limitation" goes to a plaintiff's right to relief, not to his right to enter the federal courts. Another provision of the Internal Revenue Code, indeed one in the same subsection of the statute, shows how an exhaustion requirement might establish a jurisdictional requirement. Section 7422(a) provides that "*No suit or proceeding shall be maintained in any court* for the recovery of any internal revenue tax . . . until a claim . . . has been duly filed with the Secretary." *Id.* (emphasis added). Congress enacted § 7433(d), Pub. L. No. 100-647, Title VI, § 6240(a), 102 Stat. 3342, 3747 (1988), and recodified § 7433(d)'s exhaustion requirement, Pub. L. No. 105-206, Title III, § 3102(a)(2), 112 Stat. 685, 730 (1998), against this backdrop, and nonetheless it opted not to cast this requirement in jurisdictional terms. Different words have different meanings. Prohibiting a "judgment for damages" is not the same as forbidding any "suit or proceeding" from being "maintained in any court." The latter is jurisdictional; the former is not. *See United States v. Dalm*, 494 U.S. 596, 606 (1990); *cf.* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if the alien has exhausted all administrative remedies."). Congress even used the word "jurisdiction" elsewhere in the same subtitle and conditioned district courts' authority on certain events. 26 U.S.C. §§ 7422(e) ("If the taxpayer files a petition with the Tax Court, the district court or the United States Court of Federal Claims, as the case may be, shall lose jurisdiction."), 7426(b) ("The district court shall have jurisdiction to grant only such of the following forms of relief as may be appropriate in the circumstances."). It conspicuously omitted from § 7433(d), however, similarly clear language that would have tied a district court's authority over a claim to a plaintiff's exhaustion of administrative remedies. *See Henderson*, 131 S. Ct. at 1205.

The United States responds that § 7433(d) is a term and condition of the United States' consent to suit and that the government's consent "define[s] th[e] court's jurisdiction to entertain the suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The

United States consented to be sued, however, in § 7433(a), and § 7433(d)'s exhaustion requirement is not an express term or condition of that consent. Not every statutory limitation on a plaintiff's right to relief becomes jurisdictional in a suit against the United States. *See Henderson*, 131 S. Ct. at 1206.

That the district court should not have dismissed this case for lack of jurisdiction does not end the matter. It is quite possible that "nothing in the analysis . . . below turned on the mistake [and] a remand would only require a new . . . label for the same . . . conclusion." *Morrison v. Nat'l Austl. Bank Ltd.*, __ U.S. __, 130 S. Ct. 2869, 2877 (2010). This is just such a case.

Hoogerheide did not exhaust his administrative remedies, and the United States timely raised failure to exhaust as a defense in a motion to dismiss. For that reason his claim must be dismissed. The relevant letters, all attached to his complaint and incorporated by it, show that he failed to comply with the relevant exhaustion requirements. None of the letters from Hoogerheide or Hoogerheide's counsel are addressed to "the Area Director, Attn: Compliance Technical Support Manager of the area in which" Hoogerheide "resides." 26 C.F.R. § 301.7433-1(e)(1). None of the letters "include[s] . . . [t]he dollar amount of the claim." *Id.* § 301.7433-1(e)(2)(iv). And none of the letters mentions a claim for damages against the IRS.

Hoogerheide claims that he substantially complied with the exhaustion requirement. But the existence of such an exception seems doubtful in view of the specificity of the Treasury regulations and the failure of Hoogerheide to identify any authority for one in this setting. Even if such an exception exists, however, it is hard to see how it would benefit Hoogerheide, given his failure to reference a claim for damages or otherwise come close to complying with the applicable regulations in his letters.

Nor may we excuse this exhaustion requirement on futility grounds. Section 7433(d) is mandatory. It is a congressionally established exhaustion imperative, not a judicially created one, and accordingly the courts lack discretion to waive it. *See Booth v. Churner*, 532 U.S. 731, 741 (2001).

Hoogerheide faults the district court for considering the United States' motion, which did not perfectly comply with the court's scheduling order or local guidelines. The court, however, had discretion to overlook errors in "its own local rules." *Valassis Commc'ns, Inc. v. Aetna Cas. & Sur. Co.*, 97 F.3d 870, 873 (6th Cir. 1996). There is also no evidence that any of these errors prejudiced Hoogerheide—he filed responses to the purportedly defective motions—leaving us no reason to reverse the court's order on the ground that it declined to enforce a local rule or courtroom guideline. *United States v. Kingston*, 922 F.2d 1234, 1240 (6th Cir. 1990).

In his reply brief, Hoogerheide for the first time raises a concern about an ex parte communication in the district court, namely that the government's attorney spoke to the court's law clerk about a motion to dismiss. The argument comes too late, and accordingly it is forfeited. As Hoogerheide conceded, at any rate, the United States previously indicated that this conversation was a short, nonsubstantive exchange with the clerk confirming that the court struck the United States' first motion to dismiss because it filed the motion before all of the filings were served. Nothing suggests the conversation went beyond this, and nothing thus suggests the court should be reversed on this ground.

III.

For these reasons, we affirm the dismissal of this complaint on failure-to-exhaust grounds.