[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 19, 2011
JOHN LEY
CLERK

_____

No. 11-10659
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cv-23997-KMM

EFRAIN GALVEZ,
Individually,
NANCY MARTIN,
Individually,

Plaintiffs-Appellants,

versus

INTERNAL REVENUE SERVICE,
Government,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 19, 2011)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Plaintiffs Efrain Galvez and Nancy Martin (collectively "taxpayers") pro se brought this action against the Internal Revenue Service ("IRS"), seeking, inter alia, to: (1) set aside a "jeopardy levy" issued by the IRS under 26 U.S.C. § 7429, (2) recover funds collected through the levy, and (3) obtain damages resulting from various other IRS actions. The district court dismissed the taxpayers' amended complaint for failure to exhaust their administrative remedies. After review, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A.  Assessment of Taxpayers' Liabilities

On their 2006 income tax return, the taxpayers claimed withholding credits of approximately $4.7 million.  As a result, on May 3, 2010, the IRS issued the taxpayers an income tax refund of approximately $2.9 million.

The IRS later determined that the taxpayers' asserted credits were false and that the refund was issued erroneously based on those false withholding credits. On August 6, 2010, the IRS canceled the refund and made an assessment against the taxpayers in the amount of roughly $5.1 million, consisting of about $4.7 million in taxes and $400,000 in interest.  That same day, the IRS issued to the taxpayers a Form 3552 Notice of Tax Due on Federal Tax Return.

**B.      Jeopardy Levy**

On August 9, 2010, the IRS issued a jeopardy levy to J.P. Morgan Chase Bank to collect the taxpayers' 2006 federal income tax liability.  The IRS received approximately $1.56 million pursuant to the levy.

On the date the levy was issued, the IRS sent the taxpayers a Letter 2493A notice of jeopardy levy and right of appeal.  In that August 9 notice, the IRS informed the taxpayers that it was issuing levies without providing a notice of intent to levy because the refund (based on false withholding credits) put collection of the 2006 tax liability in jeopardy.  See Internal Revenue Code ("I.R.C.") (Title 26, U.S. Code) § 6331(a) (outlining procedures for jeopardy levy).[1]

**C.      August 9 Notice of Judicial Review**

The same August 9 notice informed the taxpayers that in order to obtain judicial review of the jeopardy levy under I.R.C. § 7429, the taxpayers would have to: (1) request, in a writing addressed to the Area Director, an administrative review within 30 days of the date of the letter, and (2) file any suit to review the jeopardy levy within 90 days of the earlier of (a) the day the IRS notified them of

---

[1]We later outline the statutory provisions regulating a jeopardy levy, but basically the IRS can resort to levy without notice if collection of income tax is in jeopardy.  See I.R.C. § 6331(d)(3).

3

its decision on their request for administrative review, or (b) the sixteenth day after they made the request. The IRS could proceed with enforced collection during any administrative review.

**D.     August 26 Notice of Lien**

On August 26, 2010, the IRS informed the taxpayers that it had filed a notice of federal tax lien against them for their unpaid federal income tax liability for 2006. The IRS advised the taxpayers of their right to submit, by October 4, 2010, a Form 12153 Request for a Collection Due Process or Equivalent Hearing regarding the lien notice filing. The IRS also filed notices of federal tax liens against four individuals as nominees of the taxpayers with respect to four vehicles.

**E.     Levy on Vehicles**

On October 4, 2010, the IRS obtained a court order permitting it to enter the taxpayers' premises to seize by levy property belonging to the taxpayers. Pursuant to the order, the IRS entered the taxpayers' premises and seized several vehicles, the public sale of which was scheduled for December 15, 2010.

**F.     Amended Complaint and Motion to Cancel Public Sale**

On October 7, 2010, the taxpayers filed the instant action against the IRS. In their complaint, as amended, the taxpayers sought to (1) set aside the IRS's jeopardy levy; (2) recover funds collected through the levy; and (3) obtain

4

damages resulting from actions the IRS undertook to effectuate the levy and collect their income tax liability, including recording liens against them and seizing their property.[2] The challenge to the jeopardy levy alleged that the IRS improperly issued the jeopardy levy without issuing notices of deficiency and without making a prior assessment. The taxpayers also sought the return of their cars and money, as well as the removal of all liens recorded against them.

On December 10, 2010, the taxpayers filed an "Emergency Motion to Cancel Public Sale and Return Property Seized Through Levy," alleging that the IRS improperly seized and scheduled the public sale of their property without issuing a notice of deficiency or making assessments. On December 13, 2010, the district court denied the taxpayers' emergency motion, agreeing with the IRS that (1) the relief sought by the taxpayers was barred by the Anti-Injunction Act, I.R.C. § 7421(a), and (2) the exception in § 7429(b) for jeopardy review proceedings was

---

[2]The taxpayers' amended complaint referred to various statutes but did not specify with clarity which sections of the Internal Revenue Code might entitle the taxpayers to relief. On appeal, the taxpayers cite I.R.C. §§ 7429(b) and 7433 as bases for jurisdiction, while the IRS identifies I.R.C. §§ 7422(a), 7429(b), 7432(a), and 7433(a) as potential statutory bases for the taxpayers' claims. Out of an abundance of caution, this Court will examine all of the possible statutory bases identified on appeal by the taxpayers and IRS.

inapplicable because the taxpayers had failed to exhaust their administrative remedies.[3]

**G.      District Court Dismisses Amended Complaint**

The IRS moved to dismiss the taxpayers' amended complaint, arguing, <u>inter alia</u>, that the district court lacked jurisdiction to review the jeopardy levy.  The IRS contended that the taxpayers (1) failed to exhaust their administrative remedies, as required by the various sections of the Internal Revenue Code under which the taxpayers brought suit, and (2) failed to state a claim on which relief could be granted.

The taxpayers argued that they had exhausted their administrative remedies by filing ten verbal and written appeals in response to the IRS's collection actions. The taxpayers' purported original written appeals were: (1) an August 21, 2010 letter directed to IRS Territory Manager Juarez; (2) a September 4, 2010 letter directed to Director of Campus Compliance Operations R.A. Mitchel and IRS Revenue Officer Daley; (3) an October 14, 2010 letter sent to IRS Commissioner Douglas Shulman, which challenged the jeopardy levy and other IRS actions; and

---

[3]Under most circumstances, the Anti-Injunction Act (I.R.C. § 7421) provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ."  I.R.C. § 7421(a).  However, the Anti-Injunction Act has express exceptions, one of which is for review of a jeopardy assessment or jeopardy levy pursuant to I.R.C. § 7429(b).

(4) an "Affidavit of Truth & Fact," dated October 19, 2010 and sent to several federal officers.

The taxpayers' written appeals also included certain letters they sent back to the IRS with phrases written on them, including "REFUSE" and "Cease & Desist." These included: (5) two copies of the August 6, 2010 Form 3552, stamped "REFUSE FOR CAUSE CHANGE IS INCORRECT & UNAUTHORIZED" and sent to the IRS office in Ordeu, Utah; (6) a copy of the September 6, 2010 notice of amount due, stamped "REFUSE FOR CAUSE CHANGE IS INCORRECT & UNAUTHORIZED" and sent to the IRS office in Memphis, Tennessee; and (7) a copy of the August 26, 2010 Notice of Federal Tax Lien, stamped "Cease & Desist" and sent to the IRS office in Plantation, Florida.

In an "Affidavit of Taxpayer's Verbal Appeals," taxpayer Galvez identified (8) an interview on September 8, 2010 with IRS agents; (9) his unsuccessful attempt to open a case with the Taxpayers' Advocate; and (10) telephone conversations with IRS agents. The taxpayers acknowledged that they may have failed to appeal correctly, but argued that the IRS knew they were attempting to appeal and was obligated to inform them of the correct appeals process.

The district court ruled that it lacked jurisdiction to review the jeopardy levy because the taxpayers failed to exhaust their administrative remedies. Because it

7

lacked jurisdiction, the district court did not reach the issue of whether the taxpayers failed to state a claim for relief.[4]

## II. DISCUSSION

On appeal, the IRS recognizes that the taxpayers' claims may have been premised on any one or more of four sections of the I.R.C.: §§ 7422, 7429, 7432, and 7433.  Each section has a specific purpose.  Section 7422 allows taxpayers to file civil actions for tax refunds.  I.R.C. § 7422.  Section 7429 allows review of jeopardy levies and jeopardy assessments.  Id. § 7429.  Sections 7432 and 7433 allow civil actions for damages for failures to release liens and for certain unauthorized collection actions, respectively.  Id. §§ 7432, 7433.  Each statute permits suits against the United States (by way of its agency, the IRS), and each statute contains certain administrative requirements with which taxpayers are required to comply.[5]

---

[4]The district court denied the taxpayers' motion to file a second amended complaint.  The taxpayers mention this in their brief, but provide no reasoning or legal citation as to why this denial should be considered error. While we construe pro se briefs liberally, in this instance, we deem the issue—whether the district court erred when it denied the taxpayers' motion to file a second amended complaint—waived.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (stating that issues not addressed by pro se litigant in opening brief on appeal are waived).

[5]We review a district court's order granting a motion to dismiss for lack of subject-matter jurisdiction de novo, viewing the facts in the light most favorable to the plaintiff.  Parise v. Delta Airlines, Inc., 141 F.3d 1463, 1465 (11th Cir. 1998).  We may affirm the district court's decision for any reason supported by the record.  See Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1256 (11th Cir. 2001) (making conclusion in summary judgment context).  Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which

The IRS, as an agency of the United States, cannot be sued absent a waiver of sovereign immunity. See F.D.I.C. v. Meyer, 510 U.S. 471, 475, 114 S. Ct. 996, 1000 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Congress can waive sovereign immunity, but any such waiver must be "unequivocally expressed in the statutory text," and the waiver's scope is to be strictly construed in favor of the sovereign. Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 261, 119 S. Ct. 687, 691 (1999) (quotation marks omitted). "[T]he terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." Meyer, 510 U.S. at 475, 114 S. Ct. at 1000 (quotation marks and brackets omitted). The IRS contends that: (1) the administrative exhaustion requirements in §§ 7422, 7429, 7432, and 7433 are jurisdictional in nature, (2) the taxpayers failed to exhaust their administrative remedies, and (3) the district court was thus correct in concluding it lacked jurisdiction.

The issue of central importance in this appeal is whether the taxpayers exhausted their administrative remedies with the IRS before filing suit. Each of

---

relief can be granted. Fed. R. Civ. P. 12(b)(6). The complaint is viewed in the light most favorable to the plaintiff, and all of the well-pleaded facts in the complaint are accepted as true. Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007). Under Federal Rule of Civil Procedure 12(b)(1), a complaint may be dismissed for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

the four statutory sections requires exhaustion either as a precondition to filing suit (i.e., exhaustion is a jurisdictional prerequisite) or as a precondition to obtaining relief. We explain below the administrative exhaustion requirements in each section.

## A.     Section 7422—Tax Refund

Section 7422 allows taxpayers to file civil actions for refunds. Before the district court is allowed to hear such a suit, a taxpayer seeking a refund must pay the tax deficiency and file an administrative claim for a refund with the Secretary of the Treasury; if the claim is unsuccessful, the taxpayer may then file suit in the district court. I.R.C. § 7422(a); Roberts v. Comm'r, 175 F.3d 889, 895 (11th Cir. 1999).

## B.     Section 7429—Jeopardy Levy

Section 7429 permits taxpayers to bring civil actions for review of jeopardy assessments and jeopardy levies. Generally, before the IRS takes steps to collect unpaid taxes, it sends the taxpayer a notice of deficiency, which the taxpayer may contest in the Tax Court. I.R.C. §§ 6212(a), 6213(a). Ordinarily, the IRS may not make an assessment of a deficiency or issue a levy for collection of an imposed tax until: (1) the notice of deficiency has been mailed; (2) the time for seeking review of the assessment has expired; and (3) if timely review is sought, until after the

decision of the Tax Court becomes final. Id. § 6213(a). Exceptions to these normal procedures, however, are found in I.R.C. §§ 6861 and 6331, and are known as jeopardy assessment and jeopardy levy.

If the IRS determines that the assessment or collection of an income tax deficiency "will be jeopardized by delay," the IRS is authorized to "immediately assess such deficiency" and demand immediate payment. Id. § 6861(a). The IRS must mail a notice to the taxpayer within 60 days of making the jeopardy assessment. Id. § 6861(b). This process is called a jeopardy assessment.

Similarly, if the IRS determines that the collection of an assessed tax is in jeopardy, the IRS may provide notice and demand for immediate payment, and if the taxpayer fails or refuses to pay the assessed tax, the IRS may collect the tax by jeopardy levy. Id. § 6331(a). The IRS need not notify the taxpayer of its intent to levy, but must provide the taxpayer an opportunity for a hearing "within a reasonable period of time after the levy." Id. §§ 6330(f), 6331(d)(3). This is the jeopardy levy process.

Within five days of making a jeopardy assessment or jeopardy levy, the IRS must provide the taxpayer with a written statement of the information upon which it relied to make the assessment or levy. Id. § 7429(a)(1)(B); Treas. Reg. (26 C.F.R.) § 301.7429-1. Within 30 days of receiving the written statement or within

11

30 days of the last day of the five-day period within which such statement is required to be furnished, the taxpayer can request that the IRS review the action taken. I.R.C. § 7429(a)(2); Treas. Reg. § 301.7429-2(a). The taxpayer's request must be filed with the IRS district director.[6] Treas. Reg. § 301.7429-2(a). The request must be in writing, must fully state the reasons for the request, and be supported by evidence that allows the district director to make the appropriate redetermination. Id. The district director determines whether the assessment or jeopardy levy was reasonable and whether the assessment amount was appropriate. I.R.C. § 7429(a)(3); Treas. Reg. § 301.7429-2(b).

A taxpayer may seek judicial review of a jeopardy assessment or jeopardy levy within 90 days after the earlier of (1) the day the IRS notifies the taxpayer of its determination on the request for administrative review; or (2) the sixteenth day after the request for administrative review is made. I.R.C. § 7429(b). The court then determines whether the jeopardy assessment or jeopardy levy was reasonable under the circumstances and whether the amount assessed was appropriate. Id. § 7429(b)(3).

C.    **Sections 7432 and 7433—Tax Liens**

---

[6]The official called the "district director" in the Treasury Regulations is now known as the "area director." This opinion will continue to use the term "district director."

A taxpayer may bring a civil action for damages against the IRS: (1) if "the [IRS] knowingly, or by reason of negligence, fails to release a lien" on the taxpayer's property, id. § 7432(a), or (2) if "the [IRS] recklessly or intentionally, or by reason of negligence," violates a provision of the Internal Revenue Code, id. § 7433(a). "A judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted [his] administrative remedies." Id. §§ 7432(d), 7433(d). To exhaust his administrative remedies under these Internal Revenue Code sections, the taxpayer must comply with Treasury Regulations §§ 301.7432-1(f)(1)-(2) and 301.7433-1(e)(1)-(2).

An administrative claim under § 7432 must include, inter alia, (1) the taxpayer's identifying information; (2) a copy of the notice of lien affecting the property; (3) grounds for the claim, in reasonable detail, along with available substantiating documentation; (4) a description of injuries with available substantiating documentation; and (5) the amount of the claim. Treas. Reg. § 7432-1(f)(2). An administrative claim under § 7433 requires the same information, less a copy of the notice of the lien. Id. § 7433-1(e)(2). Each type of claim must be sent to the IRS district director.

**D. Did the Taxpayers Exhaust Their Administrative Remedies?**

13

Here, the record clearly demonstrates that the taxpayers did not exhaust their administrative remedies under §§ 7422, 7429, 7432, or 7433. Section 7422 requires that the taxpayer (1) pay his tax deficiency and (2) file an appropriate claim with the Secretary of the Treasury or designee (and have that claim denied) before filing suit for a refund. Id. § 7422; Treas. Reg. § 301.7422-1; Roberts, 175 F.3d at 895. There is no indication in this record that the taxpayers paid the taxes owed the IRS before filing suit. In addition, the taxpayers did not file an appropriate claim with the district director. As such, the taxpayers failed to exhaust their administrative remedies under § 7422.

As to § 7429, the taxpayers also did not exhaust their administrative remedies. Section 7429 and its associated Treasury Regulations require that a request for review be in writing and addressed to the district director. Treas. Reg. § 301.7429-2. The taxpayers' verbal requests do not suffice. Additionally, none of the written correspondence was addressed to the district director. The taxpayers failed in every respect to exhaust their administrative remedies under § 7429.

The same result pertains to §§ 7432 and 7433. The Treasury Regulations governing administrative claims under both sections direct that administrative claims should be sent to the appropriate district director. Treas. Reg. §§ 301.7432-1(f)(1), 301.7433-1(e)(1). Even assuming the taxpayers' various communications

14

with the IRS could be considered otherwise sufficient to constitute "administrative claims," none of the communications were sent to the district director. The taxpayers thus failed to exhaust their administrative remedies under §§ 7432 and 7433.

**E.      Consequences of Failure to Exhaust**

On appeal, the IRS contends that proper exhaustion of administrative remedies serves as a jurisdictional bar to suit under each of these Code sections. In other words, because the taxpayers failed to exhaust their administrative remedies, the IRS argues, the district court lacked jurisdiction to hear their claims.

We agree that failure to exhaust presents a jurisdictional bar to suits under § 7422, but not as to §§ 7429, 7432, or 7433.

**1.      Section 7422—Tax Refund**

Section 7422(a) states that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . <u>until a claim for refund</u> or credit <u>has been duly filed</u> with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." I.R.C. § 7422(a) (emphasis added). Before filing a suit for a tax refund, therefore, the taxpayer must pay the tax and file an administrative claim for a refund in

compliance with IRS regulations. <u>Roberts</u>, 175 F.3d at 895; <u>see</u> <u>Wachovia Bank,</u>

<u>N.A. v. United States</u>, 455 F.3d 1261, 1263-64 (11th Cir. 2006) (noting that

taxpayer must file administrative claim). "If the requirements of § 7422(a) are not

met, a court has no subject matter jurisdiction to hear the claim for refund."

<u>Wachovia Bank</u>, 455 F.3d at 1264, <u>accord</u> <u>Hoogerheide v. I.R.S.</u>, 637 F.3d 634,

638 (6th Cir. 2011). The exhaustion requirement in § 7422(a) is jurisdictional.

The taxpayers' failure to exhaust their administrative remedies under § 7422

deprived the district court of jurisdiction to hear their § 7422 refund claims.

**2.      Sections 7432 and 7433—Damages Actions**

Sections 7432 and 7433 each state that "[a] judgment for damages shall not

be awarded under subsection (b) unless the court determines that the plaintiff has

exhausted the administrative remedies available to such plaintiff within the

Internal Revenue Service." I.R.C. §§ 7432(d)(1), 7433(d)(1). Whereas the

language of § 7422 states that "no suit" shall be entertained by any court until the

taxpayer has complied with the appropriate administrative procedures, §§ 7432

and 7433 merely state that the taxpayer cannot recover damages unless he has

complied. <u>Compare</u> I.R.C. § 7422(a), <u>with</u> <u>id.</u> §§ 7432(d)(1), 7433(d)(1). These

sections' language lacks any indication that failure to exhaust administrative

remedies should act as a jurisdictional bar to suit, and we decline to construe it in

16

that way.  Cf. Arbaugh v. Y&H Corp., 546 U.S. 500, 516, 126 S. Ct. 1235, 1245 (2006) ("[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.").

Having avoided the Scylla of the exhaustion requirements in §§ 7432 and 7433 acting as jurisdictional bars to suit, the taxpayers nonetheless run into the Charybdis of failure to state a claim.  The taxpayers' failure to exhaust their administrative remedies causes them to fail to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6).  Sections 7432 and 7433 each state clearly that "[a] judgment for damages shall not be awarded" absent the exhaustion of administrative remedies.  The taxpayers' claims thus fail under Rule 12(b)(6).[7]

### 3.    Section 7429—Judicial Review

Section 7429 presents a more difficult issue, because its language is neither explicitly jurisdictional nor is it easily interpreted as nonjurisdictional. Section 7429(a) sets out the administrative procedures a taxpayer must use to have his

---

[7]The district court did not construe the taxpayers' claims as falling under §§ 7432 and 7433.  However, to the extent the taxpayers' claims are premised on those sections, the district court did not err in dismissing the claims because the government cited Rule 12(b)(6) in its motion to dismiss and argued the taxpayers failed to state a claim.  See Lucas, 257 F.3d at 1256 (concluding, in summary judgment context, that this Court can affirm the district court's decision for any reason supported by the record).

claim reviewed by the IRS.[8]  Section 7429(b) then sets up a time frame after which

the taxpayer is permitted to bring a civil action, a time frame that is premised on

the taxpayer having exhausted his administrative remedies in § 7429(a).

Specifically, § 7429(b) provides:

> (b) Judicial review.--
>
> > (1) Proceedings permitted.-- Within 90 days after the earlier of--
> >
> > > (A) the day the Secretary notifies the taxpayer of the Secretary's determination in subsection (a)(3), or
> > >
> > > (B) the 16th day after the request described in subsection (a)(2) was made,

---

[8]Subsection (a) reads:
(a) Administrative review.--
   ...
   (2) Request for review-- Within 30 days after the day on which the taxpayer is furnished the written statement described in paragraph (1), or within 30 days after the last day of the period within which such statement is required to be furnished, the taxpayer may request the Secretary to review the action taken.
   (3) Redetermination by Secretary.-- After a request for review is made under paragraph (2), the Secretary shall determine--
      (A) whether or not--
         (i) the making of the assessment under section 6851, 6861, or 6862, as the case may be, is reasonable under the circumstances, and
         (ii) the amount so assessed or demanded as a result of the action taken under section 6851, 6861, or 6862 is appropriate under the circumstances, or
      (B) whether or not the levy described in subsection (a)(1) is reasonable under the circumstances.
I.R.C. § 7429(a).

the taxpayer may bring a civil action against the United States for a determination under this subsection in the court with jurisdiction determined under paragraph (2).

I.R.C. § 7429(b).

Unlike § 7422(a), the language of § 7429(b) is not explicitly jurisdictional. Congress placed an explicit jurisdictional bar in § 7422, and did not do so in § 7429(b). Combined with the Arbaugh admonition that Congress must "clearly state[] that a threshold limitation on a statute's scope shall count as jurisdictional," Arbaugh, 546 U.S. at 515, 126 S. Ct. at 1245, this convinces us that § 7429 is non-jurisdictional in nature. The district court thus erred in concluding it lacked jurisdiction to review the jeopardy levy under § 7429.

Nevertheless, the IRS's motion to dismiss also argued that the taxpayers failed to state a claim on which relief could be granted because of their failure to properly exhaust their administrative remedies. We agree with the IRS's contention, and affirm on that ground. See Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1256 (11th Cir. 2001) (noting that this Court can affirm the district court's decision for any reason supported by the record).

### III. CONCLUSION

19

For the above reasons, we affirm the district court's dismissal of the taxpayers' claims.

**AFFIRMED.**