RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 13a0058p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

SARUNAS VINCAS ABRAITIS,
                  *Plaintiff-Appellant,*

       *v.*

No. 12-3747

UNITED STATES OF AMERICA,
                  *Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:11-cv-02077—Nancy A. Vecchiarelli, Magistrate Judge.

Decided and Filed: March 4, 2013

Before: COOK, WHITE, and DONALD, Circuit Judges

_____

### COUNSEL

**ON BRIEF:** Catherine M. Brady, Cleveland, Ohio, for Appellant. Michael J. Haungs, Robert J. Branman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

### OPINION

_____

COOK, Circuit Judge. Sarunas Abraitis appeals the district court's dismissal of his tax claim for lack of jurisdiction and failure to state a claim. Despite Abraitis's argument to the contrary, the appeal turns on the administrative exhaustion requirement of his tax claim,[1] a challenge to the reasonableness of an IRS jeopardy determination under 26 U.S.C. § 7429(b). That statute permits a taxpayer to seek judicial review of an IRS jeopardy determination, *id.* § 7429(b)(1), so long as the taxpayer requested

---

[1]The Complaint initially included a claim for damages under 26 U.S.C. § 7433, but the district court dismissed it under Rule 12(b)(6). Abraitis abandons the claim on appeal.

1

administrative review within 30 days of receiving the notice of jeopardy levy, *id.* § 7429(a)(2). Abraitis disputes neither the exhaustion requirement nor his failure to request administrative review within the statutory period. Nevertheless, he argues that various bad-faith actions by the IRS excuse his neglect and permit judicial review of the IRS's jeopardy determination.

Though we may not consider the reasonableness of a jeopardy determination, 26 U.S.C. § 7429(f), we have limited authority to review the district court's legal determinations that it lacked jurisdiction and that Abraitis failed to state a claim, 28 U.S.C. § 1291. *See, e.g.*, *Galvez v. IRS*, 448 F. App'x 880, 883–84 & n.5 (11th Cir. 2011) (per curiam); *Wapnick v. United States*, 112 F.3d 74, 74 (2d Cir. 1997) (per curiam). Before addressing Abraitis's argument, we determine an issue on which Abraitis offers no opinion: whether § 7429's administrative exhaustion requirement is jurisdictional.

I.

The government and the district court follow the Second Circuit's decision in *Wapnick v. United States*, 112 F.3d at 75, which deemed the exhaustion requirement jurisdictional, but note the contrary ruling of an Eleventh Circuit panel, *Galvez v. IRS*, 448 F. App'x at 888. As we recently explained in *Hoogerheide v. IRS*, 637 F.3d 634, 636 (6th Cir. 2011), the Supreme Court's recent decision in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) provides the appropriate starting point.

In *Arbaugh*, a unanimous court drew the following "readily administrable bright line":

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

546 U.S. at 515–16 (internal citation and footnote omitted).

Section 7429's exhaustion requirement lacks such clarity. The relevant provisions read:

Section 7429. Review of jeopardy levy or assessment procedures

(a) Administrative review.

. . .

>  (2) Request for review. Within 30 days after the day on which the taxpayer is furnished the [Secretary's statement of reasons for the jeopardy levy or assessment], or within 30 days after the last day of the period within which such statement is required to be furnished, the taxpayer may request the Secretary to review the action taken.

. . .

(b) Judicial review.

>  (1) Proceedings permitted. Within 90 days after the earlier of--
>
>>  (A) the day the Secretary notifies the taxpayer of the Secretary's determination . . . , or
>>
>>  (B) the 16th day after the request described in subsection (a)(2) was made,
>
>  the taxpayer may bring a civil action against the United States for a determination under this subsection in the court with jurisdiction determined under paragraph (2).
>
>  (2) Jurisdiction for determination.
>
>>  (A) In general. Except as provided in subparagraph (B), the district courts of the United States shall have exclusive jurisdiction over any civil action for a determination under this subsection.
>>
>>  (B) Tax Court. If a petition for a redetermination of a deficiency . . . has been timely filed with the Tax Court before the making of an assessment or levy that is subject to the review procedures of this section, and 1 or more of the taxes and taxable periods before the Tax Court because of such petition is also included in the written statement that is provided to the taxpayer under subsection (a), then the Tax Court also shall have jurisdiction over any civil action for a determination

> under this subsection with respect to all the taxes and taxable periods included in such written statement.

26 U.S.C. § 7429. No doubt the statute requires administrative exhaustion or, at a minimum, the timely "request [for administrative review] described in subsection (a)(2)," as a precondition for judicial review. *Id.* § 7429(b)(1)(A)–(B). Yet neither subsection (a)(2) nor (b)(1) term this requirement "jurisdictional," or expressly speak to a court's adjudicatory power. Rather, the statute assigns "Jurisdiction for determination" in subsection (b)(2), granting "exclusive jurisdiction" to district courts, except for certain proceedings referred to the Tax Court. *Id.* § 7429(b)(2); *see also id.* § 7429(e)(2) (authorizing the Tax Court to transfer actions belonging in the district court according to the "jurisdiction provisions of subsection (b)(2)"). If anything, this statutory design casts the exhaustion requirement in a nonjurisdictional light.

Still, the Supreme Court counsels that the clear statement need not consist of "magic words," and we may consider the Court's treatment of similar provisions as context. *Henderson v. Shinseki*, 131 S. Ct. 1197, 1203 (2011); *see also Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1250–51 (2010) (Ginsburg, J., joined by Stevens and Breyer, JJ., concurring). Absent specific guidance from the Supreme Court, we look to the function of the exhaustion requirement.

Section 7429 grants taxpayers subject to jeopardy liens two forms of appeal, one administrative, the other judicial. The availability of judicial review depends on the taxpayer's completion (or timely request for) the administrative remedy. Thus, although it frames the remedies in permissive terms—i.e., that the taxpayer *may* request administrative review and *may* bring a civil action—the statute mandates administrative exhaustion as a prerequisite for judicial review. Further, each remedy imposes its own filing deadline: 30 days from notice for administrative review; and the earlier of 90 days from administrative determination or 106 days from requesting administrative review for judicial review. 26 U.S.C. § 7429(a)(2), (b)(1). And judicial review necessarily presupposes a timely request for administrative review by incorporating the administrative determination and the "request [for administrative review] described in

subsection (a)(2)" as alternative triggers that "permit[]" the taxpayer to "bring a civil action against the United States." *Id.* § 7429(b)(1). In short, § 7429 presents an exhaustion requirement and two filing deadlines as conditions for the relief Abraitis seeks.

These rules, which "promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times . . . are quintessential claim-processing rules" that the Supreme Court treats as nonjurisdictional. *Henderson*, 131 S. Ct. at 1203; *see also id.* at 1206 (classifying the 120-day deadline for appealing a veteran's claim to the Veterans Court a claim-processing rule). We acknowledged as much in *Hoogerheide* when we considered a similar tax-code exhaustion requirement and found it nonjurisdictional. *Hoogerheide*, 637 F.3d at 637. "The [Supreme] Court has not wavered from this rule. Each time it has construed a statutory requirement that a plaintiff proceed in another forum or seek redress in other ways before coming to federal court, it has construed the requirement as nonjurisdictional." *Id.* at 637 (collecting cases).

The exhaustion provision in *Hoogerheide* expressly provided that a "judgment for damages [for tax code violations by the IRS] shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff." 26 U.S.C. § 7433(d). Notwithstanding its mandatory language, we deemed the provision a claim-processing rule because "[t]he requirement simply imposes a precondition on an award of damages, akin to other nonjurisdictional preconditions on a plaintiff's right to relief." *Hoogerheide*, 637 F.3d at 637. It did not speak to the court's adjudicatory power. *Id.* at 638 (distinguishing § 7433(d)'s exhaustion requirement from the exhaustion requirement of 26 U.S.C. § 7422(a), which states that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax . . . until a claim . . . has been duly filed with the Secretary").

One aspect of § 7429's exhaustion requirement, however, makes it "more difficult" to classify than § 7433(d). *Galvez*, 448 F. App'x at 887. Unlike that provision, § 7429 links its exhaustion requirement to the United States' consent to suit, implicating

a waiver of sovereign immunity.  26 U.S.C. § 7429(b)(1) (permitting a taxpayer to "bring a civil action against the United States for a determination under this subsection" upon the exhaustion of administrative remedies).  The district court, citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980), correctly notes that conditions tied to the United States' waiver of sovereign immunity often limit the jurisdiction of federal courts.  But Congress retains the authority "to attach the conditions that go with the jurisdictional label," and we look for "clear" guidance in the statute.  *Henderson*, 131 S. Ct. at 1203.

Here, § 7429(b)(1)'s limited waiver of sovereign immunity references "jurisdiction," but not in speaking of the exhaustion requirement. Specifically, it permits a taxpayer, upon exhaustion, to file suit against the United States "in the court with *jurisdiction* determined under paragraph (2)."  26 U.S.C. § 7429(b)(1) (emphasis added).  Thus, like the venue transfer provision in subsection (e)(2), the exhaustion requirement in (b)(1) treats subsection (b)(2) as the "jurisdiction" provision. The government and the district court present sensible arguments for finding a jurisdictional bar, but Congress did not make that point clear.  Following the guidance of *Arbaugh* and its progeny, we hold that § 7429's exhaustion requirement lacks jurisdictional pedigree.

## II.

Nevertheless, § 7429's exhaustion requirement remains mandatory, inasmuch as the availability of judicial review hinges on either exhaustion or a timely request for administrative review.  26 U.S.C. § 7429(b)(1)(A)–(B).  Abraitis concedes his failure to file a timely request for administrative review, but appears to argue for an equitable exception due to the misconduct of IRS officials.  This argument suffers from two flaws, both fatal.

First, Abraitis forfeited this argument by failing to present it to the district court. *E.g.*, *Bondex Int'l, Inc. v. Hartford Accident & Indem. Co.*, 667 F.3d 669, 681 (6th Cir. 2011).   The complaint makes no mention of IRS officials obstructing his attempts to seek administrative review under § 7429(a)(2), and his opposition to the government's motion to dismiss—though cursorily alleging concealment of the Area Director's name

and generally disputing the applicability of exhaustion requirements altogether (R. 41, Pl.'s Resp. Br. at 11–12)—does not seek equitable tolling of the provision's 30-day deadline for requesting administrative review.

Second, Abraitis presents no authority supporting the application of equitable tolling to subsection (a)(2)'s 30-day deadline for requesting administrative review.  In light of the statute's express deadlines and exhaustion requirement, we decline to supply a rationale.

Even looking past these defaults, Abraitis only presents evidence that counsel unsuccessfully contacted the IRS on September 26, 2011, with inquiries about the Area Director, the official charged with receiving requests for administrative review.[2] Yet, because the IRS issued the Notice of Jeopardy Levy and Right of Appeal on August 19, 2011,[3] counsel's outreach occurred *after* the deadline for administrative review expired.  Nothing in the record supports Abraitis's allegation that the IRS acted in bad faith to preclude administrative or judicial review of the jeopardy levy under § 7429, and we have no independent authority to review the reasonableness of the jeopardy levy. 29 U.S.C. § 7429(f).

Beyond these arguments, Abraitis mentions another tax code provision, 26 U.S.C. § 6330(e), the Americans with Disabilities Act, and the Administrative Procedure Act, and requests leave to amend his complaint.  Abraitis forfeited these claims too by failing to include them in his  complaint or briefing before the district court.  Because Abraitis offers no explanation for this omission and fails to explain how

---

[2]Pursuant to Treasury Regulation § 301.7429-2(a), as modified by IRS restructuring, a taxpayer triggers administrative review under § 7429(a)(2) by filing a written request for administrative review with the Area Director. *See Galvez v. IRS*, 448 F. App'x 880, 885 n.6 (11th Cir. 2011).  It remains unclear whether Abraitis ever properly filed a request for administrative review of the jeopardy levy under § 7429. (*See* Appellant's Br. at 23 ("At this point [§ 7429(a)(2)] would not permit the case to go forward because an appropriate IRS Area Director had not been notified.").)  The record reflects that he filed a Collection Appeal Request with the IRS Office of Appeals on September 22, 2011, but this pleading neither complies with § 7429's filing requirements nor attempts to dispute the reasonableness of the jeopardy levy. (R. 39-6.)

[3]The notice of jeopardy levy clearly instructed Abraitis to file any challenge to the jeopardy determination by "submit[ting] a request in writing to the Area Director within 30 days from the date of this letter."  (R. 39-5.)

these provisions enable him to present plausible claims, we reject this attempt to replead on appeal.

## III.

For the above reasons, we AFFIRM.