**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3335
_____

BYRON JONES,
            Appellant

v.

CASE MANAGER SPOSATO, Loretto Camp;
COUNSELOR HITE, Loretto Camp

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-14-cv-00260)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)

June 12, 2019
Before:  KRAUSE, SCIRICA and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 5, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Byron Jones appeals the District Court's order dismissing his second amended complaint. For the reasons detailed below, we will affirm the District Court's judgment.

In August 2015, Jones, a federal prisoner, filed an amended complaint[1] raising claims under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), against Heather Sposato (a case manager at FCI-Loretto) and Keith Hite (a counselor at FCI-Loretto). Jones alleged that Hite and Sposato had targeted him for mistreatment to punish him for filing grievances in his previous facility, USP-Lewisburg. First, Hite increased Jones's required payments under the Inmate Financial Responsibility Program (IFRP) from the minimum of $25 per quarter to $141 per quarter. Jones refused to pay this amount, and, as a result, was placed in "refuse" status and lost certain privileges. See 28 C.F.R. § 545.11(d). Then, Jones claims, Hite refused to attend a review meeting in which a new payment schedule could be calculated. Jones contends that Sposato also "wanted in on the action," ECF No. 22 at 6, and denied Jones's request for a furlough, did not credit Jones with "full participation" for prison job (from which he had been terminated), and provided a tardy response to one of his requests. Jones claimed that Hite and Sposato unconstitutionally retaliated against him and treated him

---

[1] In Jones's initial complaint, he raised claims against employees of both USP-Lewisburg and FCI-Loretto, but the District Court transferred the claims against the Lewisburg defendants to the Middle District of Pennsylvania and ordered Jones to file a new complaint that omitted those claims.

differently from other inmates in violation of his rights under the Equal Protection Clause.

The defendants filed a motion to dismiss. Approving and adopting a Magistrate Judge's report and recommendation, the District Court denied the motion as to the claims against Sposato and granted the motion as to the claims against Hite. The Court granted Jones 20 days to file "a second Amended Complaint in which Plaintiff shall set forth all desired allegations and claims against all parties." ECF No. 55.

Jones then filed a second amended complaint. See ECF No. 58. In this complaint, he asserted claims against only Hite; these claims were materially identical to the claims he raised in his previous complaint. Hite filed a motion to dismiss. The Magistrate Judge recommended that the motion to dismiss be granted as to Hite and that Sposato be terminated from the case. See ECF No. 66. Jones then filed a motion for leave to file an amended complaint, alleging that he had mistakenly omitted claims against Sposato in his second amended complaint because he had misunderstood the District Court's instructions to include all claims against all parties.

The Magistrate Judge denied Jones's motion, stating that allowing Jones to file a third amended complaint "just before the second of two Motions to Dismiss is fully litigated would be unduly prejudicial to Defendants and a waste of judicial resources." ECF No. 71 at 4. The District Court affirmed this order, approved and adopted the Magistrate Judge's report and recommendation concerning the motion to dismiss, and entered judgment in favor of Hite and Sposato. Jones filed a timely notice of appeal.

3

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of leave to amend for abuse of discretion. See City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp, 908 F.3d 872, 878 (3d Cir. 2018). We exercise plenary review over the District Court's dismissal order. See Free Speech Coal., Inc. v. Att'y Gen., 677 F.3d 519, 529-30 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Jones first challenges the District Court's order denying his request to amend his second amended complaint to reassert his allegations against Sposato. Leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), but a district court may deny leave to amend if the moving party has demonstrated undue delay, bad faith, or dilatory motives; amendment would be futile; or amendment would prejudice the other party. Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000). While the District Court denied leave to amend on the ground that amendment would prejudice the defendants, we need not address that rationale because we conclude that the request was properly denied as futile. See Hassen v. Gov't of V.I., 861 F.3d 108, 114 (3d Cir. 2017) (noting that we may affirm on any basis supported by the record).

Jones argued primarily that Sposato retaliated against him in violation of his rights under the First Amendment. However, we agree with the defendants that a Bivens claim in unavailable in this context. In Bistrian v. Levi, 912 F.3d 79 (3d Cir. 2018), we

4

observed that "[t]he Supreme Court has never recognized a <u>Bivens</u> remedy under the First Amendment," <u>id.</u> at 95, and concluded that special factors militated against recognizing such a remedy in the prison context because the prisoner's "retaliation claim involves executive policies, implicates separation-of-power concerns, and threatens a large burden to both the judiciary and prison officials," <u>id.</u> at 96. The same analysis applies here, and we likewise conclude that Jones cannot maintain a <u>Bivens</u> claim alleging that Sposato retaliated against him.[2] <u>See generally</u> <u>Ziglar v. Abbasi</u>, 137 S. Ct. 1843, 1857 (2017).

Jones also asserted an equal-protection claim. Because he has not claimed to be a member of a protected class, his claim must be premised on a "class-of-one" theory, <u>see</u> <u>Engquist v. Or. Dep't of Agric.</u>, 553 U.S. 591, 601 (2008), which requires him to allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," <u>Vill. of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000) (per curiam). While Jones states that Sposato treated him less favorably than other inmates, this naked assertion does not satisfy the pleading standard. <u>See</u> <u>Ashcroft</u>, 556 U.S. at 678. Rather, Jones needed to make a plausible allegation that similarly situated individuals were being treated differently, which he failed to do. <u>See,</u>

---

[2] While <u>Bistrian</u> concerned an allegedly retaliatory cell placement and this case concerns an allegedly retaliatory denial of furlough, refusal to provide credit for work, and delay in responding to a request, we believe that these actions also involve "real-time and often difficult judgment calls" that counsel against recognizing a <u>Bivens</u> cause of action. <u>Bistrian</u>, 912 F.3d at 96.

e.g., <u>Cnty. Concrete Corp. v. Town of Roxbury</u>, 442 F.3d 159, 171 (3d Cir. 2006); <u>Artway v. Att'y Gen.</u>, 81 F.3d 1235, 1267 (3d Cir. 1996).[3]  Accordingly, Jones's proposed amendment would have been futile, and the District Court did not err in denying leave to amend.

Nor did the District Court err in dismissing Jones's claims against Hite.  He asserted, primarily, a retaliation claim under <u>Bivens</u>, which, as we have explained, is not available in this context.  <u>See</u> <u>Bistrian</u>, 912 F.3d at 86.[4]  His equal-protection claim fares no better.  He alleges that at the end of the prison job, he was the only participant who was not offered a reduced payment plan.  However, by this time, he was in "refuse" status, and thus, under BOP policy, would not be offered a new plan unless he "demonstrate[d] a willingness to continue participation in the program."  BOP Program Statement 5380.08.  Thus, he failed to show that he and the other prisoners were "alike 'in all relevant aspects.'"  <u>Startzell v. City of Phila.</u>, 533 F.3d 183, 203 (3d Cir. 2008) (quoting <u>Nordlinger v. Hahn</u>, 505 U.S. 1, 10 (1992)).

Accordingly, we will affirm the District Court's judgment.

---

[3] Based on this conclusion, we need not determine whether a <u>Bivens</u> remedy is available in this context.

[4] Like the claims at issue in <u>Bistrian</u>, Jones's retaliation claim against Hite implicates matters of prison administration that counsel against recognition of a <u>Bivens</u> claim.  <u>See generally</u> <u>United States v. Sawyer</u>, 521 F.3d 792, 794–95 (7th Cir. 2008).