**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2209
_____

*SAID HASSEN; KAREN HASSEN,

                                                    Appellants

v.

GOVERNMENT OF THE VIRGIN ISLANDS;
VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE

*Amended Per Clerk's Order of 05/08/2017
_____

Appeal from the District Court of the Virgin Islands
(D.C. No. 3-15-cv-00038)
District Judge: Hon. Curtis V. Gómez
_____

Argued May 2, 2017
_____

Before: GREENAWAY, JR., SHWARTZ, and FUENTES,
<u>Circuit Judges</u>.

(Filed: June 26, 2017)

_____

OPINION

_____

Alexander Golubitsky, Esq. [ARGUED]
Marjorie Rawls Roberts, P.C.
P.O. Box 6347
St. Thomas, VI 00804

        Counsel for Appellants

Claude Earl Walker, Esq.
Pamela R. Tepper, Esq.
Su-Layne U. Walker, Esq. [ARGUED]
Office of Attorney General of Virgin Islands
Department of Justice
34-38 Kronprindsens Gade
GERS Complex, 2nd Floor
St. Thomas, VI 00802

        Counsel for Appellees

SHWARTZ, Circuit Judge.

Said and Karen Hassen ("the Hassens") appeal the District Court's order dismissing their claim against the Government of the United States Virgin Islands ("USVI") and the Bureau of Internal Revenue ("BIR") for imposing allegedly wrongful levies on their property in violation of 26 U.S.C. § 7433(a). To bring a claim under § 7433(a), a taxpayer must exhaust the administrative remedies set forth in § 7433(d). While such exhaustion is not a jurisdictional

2

requirement, it is mandatory. Here, we need not decide whether the Hassens fulfilled this requirement because their complaint fails to plead a violation of § 7433(a). Thus, we will affirm the District Court's order dismissing their complaint.

I

The BIR sent the Hassens a final notice of intent to levy their property to satisfy an outstanding tax debt of $5,778.32 for the 2004 tax year. Subsequently, on March 8, 2013, the BIR issued a levy against the Hassens' property at First Bank Virgin Islands ("Levy 1").

On June 11, 2013[1] and December 26,

---

[1] The letter stated, in pertinent part, that:

This letter is written on behalf of our clients Said and Karen [Hassen] (the "Taxpayers") in order to request an installment agreement for the Taxpayers and to request a transcript of assessments and payments for all years for which the Taxpayers owe taxes, which we believe to be 2004 only. Previously, our office has requested a transcript for this tax year. The records of the Bureau of Internal Revenue (the "BIR") indicate that the Taxpayers owe five thousand, eight hundred and twelve dollars and seventy six cents ($5,812.76), inclusive of all interest and penalties, for the 2004 tax year and have no other liability to the BIR. Enclosed herein as Attachment 1, please find Form 2848, Power of

2013[2], the Hassens submitted letters requesting an installment

> Attorney for the Taxpayers.
>
> While we are still awaiting the transcript of the Taxpayers' return to determine the actual liability of the Taxpayers, all parties agree that the Taxpayers owe less than $10,000 in total, and have filed all required returns. Accordingly, 26 U.S.C.A. § 6159(c) requires that an installment agreement be entered into, so long as that installment agreement completely pays the liability within three years. Therefore, we are proposing an installment agreement payment of $161 per month, which will completely pay this alleged liability within three years. Please consider this a request for an installment agreement, and therefore, please cease all enforced collections actions against these Taxpayers during the time this installment agreement is being considered, per 26 CFR § 301.6331-4(a). Should this installment agreement be unacceptable to the BIR for any reason, please notify us in writing as soon as possible. Additionally, this offer for an installment agreement is conditioned upon the release of the levies issued against the Taxpayers.

Supp. App. 1-2 (emphasis omitted).

[2] That letter stated, in pertinent part, that:

> This letter is written on behalf of our clients Said and Karen [Hassen] (the

agreement to satisfy their 2004 tax debt.[3]   The December

> "Taxpayers") in response to your letter dated October 31, 2013 and our telephone conversation regarding that letter of December 12, 2013.  The purpose of this letter is two-fold.  First, the purpose of this letter is to confirm that the Taxpayers have no income tax filing requirement for 2005 and 2006, and even if they did, this should not interfere with their proposed installment agreement.  Second, this letter is [a] request for a formal response to our request for an installment agreement dated June 11, 2013, and attached to this letter as Attachment 1 . . . .
>
> Additionally, we are requesting a formal response to our installment agreement request of June 11, 2013.  During our phone conversation on December 12, 2013, you indicated that the BIR would move forward with a levy.  We do not believe that a levy can lawfully occur at this time.  You stated that a taxpayer must use a Form 9465 to request an installment agreement.  We respectfully disagree.

Supp. App 12, 14 (emphasis omitted).

[3] The Court may consider the contents of these letters because they were attached to the complaint as exhibits.  See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (holding that, when reviewing a motion to dismiss, courts consider "allegations contained in the complaint, exhibits attached to the complaint and matters of public record").

2013 letter reflects that the Hassens and the BIR engaged in discussions concerning their request and outstanding tax liability, and that the BIR directed the Hassens to submit an IRS Form 9465 to request an installment agreement. The Hassens failed to do so but nevertheless allege that the BIR has never accepted or rejected their proposed installment agreement. Thereafter, the BIR issued four additional levies against the Hassens' accounts.

Rather than file an administrative claim as required by 26 U.S.C. § 7433(d) and 26 C.F.R. § 301.7433-1, the Hassens filed a complaint against the USVI and BIR for imposing allegedly wrongful levies on their property in violation of 26 U.S.C. § 7433(a) on the theory that the additional levies violated 26 U.S.C. § 6331(k)(2), which prohibits the issuance of any levy while a proposed installment agreement is pending.

The USVI and BIR moved to dismiss the Hassens' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). With respect to their motion under Rule 12(b)(1), the USVI and BIR argued that the District Court lacked subject matter jurisdiction because the Hassens failed to exhaust their administrative remedies. The USVI and BIR also sought dismissal under Rule 12(b)(6), arguing that the complaint fails to state a claim upon which relief can be granted. The District Court determined that exhaustion was not a jurisdictional prerequisite and that dismissal under Rule 12(b)(1) was therefore not warranted, but found that the Hassens did not exhaust their administrative remedies, which is a condition to obtain relief, and, as a result, dismissed their complaint pursuant to Rule 12(b)(6). The Hassens appeal.

II[4]

A

Because we must ensure that the District Court and our Court have jurisdiction over a case before addressing the merits, see Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998), we first review the District Court's conclusion that exhaustion of administrative remedies is not a jurisdictional prerequisite to bringing a claim under 26 U.S.C. § 7433. Section 7433(a) allows a taxpayer to "bring a civil action for damages" where an "officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of" Title 26 or its regulations. 26 U.S.C. § 7433(a). Section 7433(d)(1) provides that a "judgment for damages shall not be awarded . . . unless the court determines that plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."

More than two decades ago, in Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994), we characterized this exhaustion requirement as jurisdictional. Since then, as one court put it, the United States Supreme Court has cautioned against confusing "mandatory requirements of a cause of action" with a jurisdictional prerequisite "over that cause of action." Hoogerheide v. IRS, 637 F.3d 634, 636 (6th Cir. 2011) (citing Arbaugh v. Y&H Corp., 546 U.S. 500, 516 (2006)). To avoid this confusion, the Court established the

---

[4] The District Court had jurisdiction pursuant to 48 U.S.C. § 1612. We have jurisdiction pursuant to 28 U.S.C. § 1291.

following "administrable bright line" rule to determine if a statute establishes a jurisdictional requirement:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue . . . . But when Congress does not rank a statutory limitation as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

Arbaugh, 546 U.S. at 515-16 (internal footnote omitted).

Thus, under Arbaugh, we "examine statutes to determine if they speak in jurisdictional terms or refer in any way to the jurisdiction of the courts." Rubel v. Comm'r, 856 F.3d 301, 304 (3d Cir. 2017) (internal quotation marks, alterations, and citation omitted). This requires that we consider the "text, context, and relevant historical treatment" of the provision. Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 166 (2010). As we recently explained, "[i]n examining the text, we look at the plain language to determine if it speaks in jurisdictional terms, meaning whether it speaks 'to the power of the court rather than to the rights or obligations of the parties.'" Rubel, 856 F.3d at 304 (quoting Landgraf v. USI Film Prods., 511 U.S. 244, 274 (1994)). We will therefore examine the language and context of § 7433(d) to determine whether its exhaustion requirement is jurisdictional.

There are several predicates to bringing suit and obtaining damages under § 7433. Hoogerheide, 637 F.3d at

636. Of course, the taxpayer must allege that an IRS employee or officer recklessly, intentionally, or negligently violated any provision of the Internal Revenue Code. 26 U.S.C. § 7433(a). To award damages, the Court must "determine[] that the" taxpayer has exhausted the IRS' administrative remedies. Id. § 7433(d)(1). To exhaust such remedies, the taxpayer must submit an administrative claim to the appropriate representative, which includes, among other things, the dollar amount of the claim, a description of the injuries the taxpayer sustained, and the taxpayer's contact information. 26 C.F.R. § 301.7433.1(e)(1)-(2).

None of these requirements "speak in jurisdictional terms or refer in any way to the jurisdiction of the district court[]." Zipes v. Transworld Airlines, 455 U.S. 385, 394 (1982). Furthermore, there is "no language suggesting that Congress intended to strip federal courts of jurisdiction when plaintiffs do not exhaust administrative remedies." Gray v. United States, 723 F.3d 795, 798 (7th Cir. 2013). Rather, § 7433(d)'s exhaustion requirement "establishes a condition—exhaustion—that plaintiffs ordinarily must satisfy before filing a claim" for damages. Hoogerheide, 637 F.3d at 637 (internal quotation marks and alterations omitted) (quoting Reed Elsevier, 559 U.S. at 158); see also Gray, 723 F.3d at 798 (stating exhaustion of administrative remedies is "a statutory requirement for recovery" under § 7433(a)). Thus, a taxpayer's failure to exhaust, as required by § 7433(d), bars a suit for damages under § 7433(a). However, "[p]rohibiting a judgment for damages is not the same as forbidding any suit or proceeding from being maintained in any court. The latter is jurisdictional; the former is not." Hoogerheide, 637 F.3d at 638 (internal quotation marks omitted). Thus, like the registration requirement to institute a copyright suit, Reed,

559 U.S. at 169, exhaustion under § 7433(d) is a nonjurisdictional requirement that imposes an obligation a plaintiff must fulfill before filing a suit for damages, Hoogerheide, 637 F.3d at 637.

Moreover, the context in which § 7433(d) appears demonstrates that it is not jurisdictional. As the Hoogerheide court observed, a comparison of § 7433(d) with the language in a neighboring provision also shows § 7433(d) is nonjurisdictional. 637 F.3d at 638. Section 7422(a) provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax . . . until a claim . . . has been duly filed with the Secretary." 26 U.S.C. § 7422(a). This language embodies a condition that must be satisfied for a court to entertain a case. Moreover, § 7422(e) uses the word "jurisdiction" in the same section and conditions the district court's continued authority on certain events. Hoogerheide, 637 F.3d at 638; see also 26 U.S.C. § 7422(e) ("If the taxpayer files a petition with the Tax Court, the district court or the United States Court of Federal Claims, as the case may be, shall lose jurisdiction."). Section 7433(d) lacks similar language that would "tie[] a district court's authority over a claim to a plaintiff's exhaustion of administrative remedies." Hoogerheide, 637 F.3d at 638.

Thus, applying Arbaugh's directive and considering that § 7433(d) does not speak in jurisdictional terms or convey that Congress intended to permit a court to exercise jurisdiction only if the claim was exhausted, we join our sister circuits and hold that § 7433(d)'s exhaustion requirement is not jurisdictional and hence need not be satisfied for the

district court to entertain a claim under § 7433(a).[5] Gray, 723 F.3d at 798; Hoogerheide, 637 F.3d at 636-38; see also Kim v. United States, 632 F.3d 713, 718 (D.C. Cir. 2011) (treating § 7433(d) as an affirmative defense, and by implication not viewing it as a jurisdictional prerequisite).

B

Having determined that exhaustion under § 7433(d) does not impact our jurisdiction, we next consider whether the District Court appropriately dismissed the Hassens' complaint. We exercise plenary review of a district court's order granting a motion to dismiss, Burch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011), and because our review is plenary, "we may affirm on any grounds supported by the record," Maher Terminals, LLC v. Port Auth. of N.Y. & N.J., 805 F.3d 98, 105 n.4 (3d Cir. 2015). The District Court dismissed the complaint based upon the Hassens' failure to fulfill § 7433(d)'s exhaustion requirement. Even if

---

[5] Although IOP 9.1 says that a subsequent panel cannot overrule a prior panel's precedential opinion, "this rule gives way when the prior panel's holding is in conflict with Supreme Court precedent." Mennen Co. v. Atl. Mut. Ins. Co., 147 F.3d 287, 295 n.9 (3d Cir. 1998); Nationwide Ins. v. Patterson, 953 F.2d 44, 46 (3d Cir. 1991) (observing that "[o]rdinarily, a panel of this court is bound to follow the holdings of published opinions of prior panels of this court unless overruled by the court [e]n banc or the holding is undermined by a subsequent Supreme Court case"). Arbaugh is such a precedent and thus, we are no longer bound by Venen's holding that the exhaustion requirement is jurisdictional.

the Hassens satisfied the exhaustion requirement, their complaint does not state a claim and was properly dismissed under Rule 12(b)(6).

When examining whether a complaint should be dismissed under Rule 12(b)(6), we must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating plausibility, "we disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012). A claim "has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014).

> To determine the sufficiency of a complaint, [f]irst, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal quotation marks, citations, and alterations omitted) (drawing steps from Iqbal, 556 U.S. at 675, 679).

The Hassens' complaint fails to state a claim upon which relief can be granted. As stated previously, the Hassens bring a claim against the USVI and the BIR under § 7433(a) of the Internal Revenue Code.[6] Section 7433(a) provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service [or the BIR] recklessly or intentionally, or by reason of negligence, disregards any provision

---

[6] The USVI is a "mirror code" jurisdiction. This means that the USVI adopts the tax provisions set forth in Title 26 of the United States Code and replaces all references to the "United States" with "Virgin Islands." Vento v. Dir. of V.I. Bureau of Internal Revenue, 715 F.3d 455, 465 (3d Cir. 2013).

of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States [or the Virgin Islands] in a district court of the United States.

26 U.S.C. § 7433(a). Thus, in a case against the BIR, the elements of a § 7433(a) claim are:

(1) that an employee or officer of the BIR[7];

(2) disregarded a provision of Title 26 or its regulations[8];

(3) in a reckless, intentional, or negligent manner. Id. The Hassens attempt to establish the second element of their § 7433 claim by alleging that the BIR disregarded § 6331(k) of the Code. This provision prohibits the BIR from issuing a levy while a proposed "installment agreement . . . is pending."[9] Id. § 6331(k).

---

[7] A plaintiff asserting a § 7433 claim in a non-mirror code jurisdiction would need to identify an employee or officer of the IRS.

[8] Gray, 723 F.3d at 802 (stating that plaintiff must allege a statute or regulation violated in connection with the collection of her taxes).

[9] Section 6331(k) provides, in relevant part, that: "[n]o levy may be made . . . on the property or rights to property of any person with respect to any unpaid tax . . . during the period that an offer by such person for an installment agreement under section

The complaint is deficient in several ways. Among other things, it contains legal conclusions that are not entitled to the assumption of truth. James, 700 F.3d at 679 ("[W]e disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements."). Specifically, the Hassens claim that the BIR acted "purposefully or negligently" and that "an installment agreement was pending." App. 15, Compl. ¶ 28.

Naked allegations of "negligent" or "purposeful" conduct at the pleading stage, without supporting facts, are to be disregarded. See Freedman v. City of Allentown, Pa., 853 F.2d 1111, 1115 (3d Cir. 1988) (holding that allegations that "defendants' actions were 'willful', 'intentional and deliberate', and with 'reckless disregard of [the victim's] rights'" are conclusory allegations (alterations in the original)); see also Steele v. First Nat'l Bank of Mifflintown, 963 F. Supp. 2d 417, 426 (M.D. Pa. 2013) (holding that allegations that defendant "acted willfully and recklessly and/or negligently" are conclusory and the court "need not accept [them] as true for purposes of ruling on a motion to dismiss" (internal quotation marks omitted)). The complaint contains such legal conclusions and presents no facts upon which such conclusions could be reached. Because the complaint failed to sufficiently plead a violation of § 7433(a), the District Court correctly dismissed it.

### III

For the foregoing reasons, we will affirm the District Court's order.

---

6159 for payment of such unpaid tax is pending with the Secretary." 26 U.S.C. § 6331(k)(2).

15