**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1841
_____

ROBERT L. ADGER; CALVIN L. ALLEN; HENRY J. ANDERSON; NATHANIEL BAGWELL; FENEL D. BAINE; DONALD F. BASS; JOSEPH F. BENNETT; DYMERE BERRY; SAMUEL B. BISHOP; MARQUIS BOYER-SMITH; JOHN BOYER; KEVIN C. BRATHWAITE; ALAN BROOKS; JARAD BROWN; MICHAEL A. BROWN; JUSTIN L. BURRELL; FRED T. CALDWELL; ALONZO J. CANNON; IVAN CARABELLO; MICHAEL A. CARELLO; AARON K. CARTER; ROBERT W. CHANDLER; FREDERICK O. CLIFTON; DONALD COLE; CURTIS M. COLLINS; KENJUAN CONGO; BRIAN CONLEY; CHRIS E. CRAIG; JOSEPH CRUMPLER; MAURICE CRUZ-WEBSTER; PABLO A. DAMIANI-MELENDEZ; JAMEL DANIELS; JERMAINE DICKINSON; GREG DICKSON; KRISHAN DILLARD; ANTWAN L. DOUGLAS; STEVEN DRAKE; DE SHAWN DRUMGO; JOHN R. DUPREE; KURT DUPREE; JEFFREY R. FOGG; DAVID D. FOREMAN; MONIR A GEORGE; CHARLES T. GETZ; REGENT J. GODDARD; VICTOR GRANTHAM; KELLY L. HAND; THEODORE HARRIS; CORNELL L. HESTER; SHAQUILLE K. JACKSON; ANTOINE JONES; MICHAEL E. KEYSER; CLAUDE LACOMB; JAMES LAWHORN; ALFRED M. LEWIS, JR.; ANDREW D. LONG; DANA B. MARTIN; TYRONE MATHIS; JOHN C MAYHEW; RICHARD D. MCCANE; KEVIN MCCRAY; DAVID MCCULLOUGH; EDWARD MCLAUGHLIN; MARVIN MENCIA; JOHN E. MILLER; KEITH J. MILLER; TONY MOZICK; LAMONT L. NORMAN; DONALD D. PARKELL; EZRA S. PENDLETON; HASSAN J. PERRY; CHRISTOPHER PORTER; MILLARD E. PRICE; MARK C. PURNELL; LOUIS W. RITTENHOUSE; ANDRE A. RIVERA; MARCUS ROSSER; BEN ROTEN; RON ROUNDTREE; LARRY J. SARTIN; RAYMOND Q. SAWYER; DANIEL E. SCHULTZ; JOSHUA D. SEARS; SYLVESTER C. SHOCKLEY; DAVID R. SMITH; WADE T. SMITH; RUSSELL E STEEDLEY; LAMONT E. STEVENSON; DARRIN L. SWIGGET; NIGEL C. SYKES; GERARD E. SZUBIELSKI; HENRY R. TAYLOR, JR.; ELWOOD E. TEAGLE; ORIN L. TURNER; JOSEPH WALLACE; LIONEL M. WALLEY; HOWARD A. WALSH; JAMES G. WELLS; MICHAEL L. WELLS; CHRISTOPHER H. WEST; KEENAN WHEELER; EUBANKS WHITE; EUGENE W. WIGGINS; DENNIS O. WILLIAMS; RONALDO WILLIAMS; CLIFF WILSON; RAYMOND H. WOOD; RICHARD WOODARD; ROBERT L. WORLEY; TEREK DOWNING; STEPHANIE CABRERA, personal representative of Estate of Louis G. Cabrera; JAMES J. DURHAM; DERIC FORNEY, for themselves and all others similarly situated,

Appellants

v.

FORMER COMMISSIONER ROBERT COUPE; COMMISSIONER PERRY PHELPS; WARDEN DANA METZGER; WARDEN DAVID PIERCE; WARDEN TIMOTHY RADCLIFF; DEPUTY WARDEN PHIL PARKER; DEPUTY WARDEN JAMES SCARBOROUGH; JEFFREY CARROTHERS; CAPTAIN BRUCE BURTON; LT. JUSTIN ATHERHOLT; LT. JASON T. COVIELLO; LT. GEORGE J. GILL; LT. MELVIN B. HARRIS, III; LT. KAREN HAWKINS; LT. SEAN R. MILLIGNA; LT. JAMES P. SATTERFIELD; LT. LARRY SAVAGE; LT. CHARLES D. SENNETT, JR.; LT. TEDDY D. TYSON; SGT. WILFRED BECKLES; SGT. LAWRENCE O. COVERDALE; SGT. TODD SCOTT DRACE; SGT. JOHN R. FAULKNER, JR.; SGT. RONALD FREDERICK; SGT. VINCENT E. HAZZARD; SGT. VINCENT MAY; SGT. KEVIN R. MCKENNA; SGT. ROBERT MOCK; SGT. CHARLES H. RADCLIFFE; SGT. DENNIS P. RUSSELL; CPL. NATHANIEL C. PAYTON; CPL. DALE LEE RAINS; C/O MICHAEL J. ARABIA; C/O PAUL O. BARONE; C/O JOSHUA A. CONNOR; C/O WILLIAM ESTRADA; C/O JACK EVANS; C/O NORMAN FIGUEROA, JR.; C/O BRETT FORAKER; C/O LANCE N. GREEN; C/O RICHARD L. GRIFFITH; C/O MICHAEL CHESTER LANDON; C/O JOSHUA PEPPERS; C/O THOMAS PATRICK RUNYON, JR.; C/O JOSHUA D. STEWART; C/O ABIGAIL WEST; C/O TIMOTHY R. YOUNG; C/O AARON FORKUM; LT. NATHAN D. ATHERHOLD; ROBERT MAY; BRIAN VANES.

_____

On Appeal from the District Court
for the District of Delaware
(D.C. Civil No. 1:18-cv-02048)
District Judge:  Honorable Leonard P. Stark

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 24, 2022

_____

Before:  CHAGARES, Chief Judge, McKEE and MATEY, Circuit Judges

(Filed March 14, 2022)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge.

This is a civil rights action brought by inmates for injuries suffered during and following a February 2017 uprising at the James T. Vaughn Correctional Center ("JTVCC") in Delaware. The complaint names over one hundred JTVCC inmates as plaintiffs and over fifty Delaware Department of Corrections ("DOC") employees and officials as defendants. The District Court dismissed the third amended complaint in its entirety, primarily due to the plaintiffs' failure to comply with Rule 8 of the Federal Rules of Civil Procedure. We conclude that this was an abuse of discretion because the claims of at least some of the plaintiffs comply with Federal Rule of Civil Procedure 8.[1] We agree with the District Court, however, that the plaintiffs' section 1983 supervisory liability and conspiracy claims fail under Rule 12(b)(6). We will therefore affirm in part, reverse in part, and remand for further proceedings.

I.

We write primarily for the parties and recite only the facts essential to our decision. On February 1, 2017, a group of inmates took control of a building in the JTVCC and took hostages. The plaintiffs are current and former JTVCC inmates who did not participate in the uprising. To regain control, the DOC utilized its Correctional Emergency Response Team ("CERT"). The plaintiffs allege that CERT members physically assaulted and threatened non-resisting inmates and, among other things, did

---

[1] We note that the District Court provided the plaintiffs, who are represented by counsel, multiple opportunities to amend and invested significant time in parsing the allegations in the complaint.

not permit them to receive medical care.  CERT members allegedly concealed their identifies by wearing masks, removing name tags, and not documenting their actions.  After the uprising was over, the plaintiffs allege that the conditions of their confinement considerably worsened.  The complaint alleges that inmates have been denied toiletries, adequate food, and medical care, while also being subjected to indiscriminate strip searches and other physically abusive behavior.

The District Court dismissed the plaintiffs' first amended complaint and granted them leave to amend.  Adger v. Carney, No. 18-cv-2048, 2020 WL 1475422, at \*9 (D. Del. Mar. 26, 2020).  The plaintiffs subsequently filed two amended complaints.  They also moved for reargument of the court's dismissal of the first amended complaint and, while the defendants' motion to dismiss was pending, moved to amend the complaint for the fourth time.  On March 31, 2021, the District Court denied the plaintiffs' motions for reargument and to further amend the complaint and granted the defendants' motions to dismiss the action with prejudice.

## II.[2]

The complaint appears to assert violations under 42 U.S.C. § 1983 of the plaintiffs' Eighth Amendment right to be free from cruel and unusual punishment based

---

[2] The District Court had subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291.  While we exercise plenary review over a district court's grant of a Rule 12(b)(6) motion, Hassen v. Gov't of Virgin Islands, 861 F.3d 108, 114 (3d Cir. 2017), we review a dismissal under Rule 8 for an abuse of discretion.  In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996).

4

on the defendants' use of excessive force and deprivations in the plaintiffs' conditions of confinement.

Due to the plaintiffs' failure to comply with Rule 8, the District Court dismissed all of the plaintiffs' Eighth Amendment claims. Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). The federal rules further provide that "[e]ach allegation must be simple, concise, and direct" and that "[p]leadings must be construed so as to do justice." Fed R. Civ. P. 8(d)(1), (e). Whether a pleading meets the requirements of Rule 8 is a context-dependent inquiry. See W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010); Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). A pleading may fail to comply with Rule 8 if it is "unnecessarily complicated and verbose," Westinghouse, 90 F.3d at 703, or fails to provide the defendants basic notice regarding the nature of the claims and allegations against them. Phillips, 515 F.3d at 232.

The plaintiffs contend that "some plaintiffs pled sufficient facts against some defendants." Plaintiffs' Br. 1. The defendants appear to agree that some cognizable claims were pled but argue that the plaintiffs' failure to comply with the federal pleading standards warrants dismissal of the entire action. DOC Defendants Br. 13–14.[3] Although the plaintiffs, who were represented by counsel, somewhat clarified the allegations after the District Court provided them multiple opportunities to amend, the operative

_____

[3] The "DOC Defendants" refers to all defendants except Jeffrey Carrothers, Abigail West, and Aaron Forkum. These three defendants are separately represented but joined the DOC Defendants' arguments on appeal in full.

complaint still contained a significant amount of extraneous material, difficult to follow allegations, and allegations regarding individuals who are not parties to this litigation. We nonetheless agree with the plaintiffs that at least some claims against some defendants meet the requirements of Rule 8. Given our context-dependent approach, we conclude that the District Court abused its discretion in dismissing all claims.[4]

While we will remand to the District Court for further consideration, we also take this opportunity to provide examples of potentially viable claims. The plaintiffs claim that JTVCC prison officials and employees violated their Eighth Amendment rights by using excessive force and denying inmates humane conditions of confinement. At certain points, the complaint sets forth allegations describing actions taken by individual defendants that harmed individual plaintiffs and therefore could plausibly support a claim for relief. Plaintiffs' Br. at 13; see, e.g., Appendix ("App.") 66; Third Amended Complaint ("TAC") ¶ 35 (plaintiff James Wells alleging that he was beaten by defendants Lawrence Coverdale, Todd Drace, and other CERT members who do not appear to be

---

[4] The plaintiffs argue that the District Court erred by not properly accounting for the informational disadvantages they faced, including the alleged measures taken by CERT members to conceal their identities, and relatedly argue that the District Court should have ordered the DOC to produce JTVCC attendance records. While we have identified the informational disadvantages faced by inmates in preparing complaints, we have also noted that such claims are subject to the standard requirements imposed by Rule 8. See Santiago v. Warminster Twp., 629 F.3d 121, 134 n.10 (3d Cir. 2010); Alston v. Parker, 363 F.3d 229, 233–34 (3d Cir. 2004). Rule 8 clearly applies in this case. And where plaintiffs are unaware of the identities of relevant actors, we have permitted the naming of fictitious defendants "until the identities can be learned through discovery." Alston, 363 F.3d at 233 n.6 (citing Hindes v. F.D.I.C., 137 F.3d 148, 155–56 (3d Cir. 1998)). The plaintiffs did not do so here, and we further note that the plaintiffs agreed to stay discovery until the disposition of any motion to dismiss.

named as defendants); App. 70; TAC ¶ 45 (plaintiffs Fred Caldwell, Antwan Douglas, and Shaquille Jackson alleging abuse by defendants Joshua Connor, Lawrence Coverdale, George Gill, Sean Milligan, Dale Rains, and Abigail West); App. 85–86; TAC ¶ 73 (plaintiff Nathaniel Bagwell alleging abuse by defendants Nathaniel Payton and Aaron Forkum). Allegations such as these are sufficient to meet the pleading requirements under Rule 8.[5] In other instances, the complaint lists many defendants that engaged in generalized conduct, see, e.g., App. 96–97; TAC ¶ 98, or many plaintiffs who suffered injuries that were inflicted by unidentified CERT members or JTVCC employees. See, e.g., App. 90–91; TAC ¶¶ 88–89. Standing alone, these types of broad and conclusory allegations are not sufficient to comply with Rule 8. See Ashcroft v. Iqbal, 556 U.S. 662, 680–81 (2009).

Turning to claims of supervisory liability, the District Court dismissed the plaintiffs' claims against the supervisory defendants for failure to state a claim under Rule 12(b)(6).[6] Under section 1983, "a government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct." Argueta v. U.S. Immigration & Customs Enf't, 643

---

[5] The plaintiffs also assert state law claims for intentional infliction of emotional distress ("IIED"). For similar reasons, the District Court erred in dismissing under Rule 8 all IIED claims advanced by all plaintiffs.

[6] From what we can tell, the supervisory defendants include Perry Phelps, Robert Coupe, David Pierce, Dana Metzger, Jeffrey Carrothers, Phil Parker, Robert May, Timothy Radcliffe, and James Scarborough. As discussed above, to the extent any of these defendants directly participated in conduct that violated an inmates' rights, such claims may comply with the requirements of Rule 8. See, e.g., App. 73; TAC ¶ 52 (alleging that defendant Phelps was part of a group who beat certain plaintiffs).

F.3d 60, 71 (3d Cir. 2011). Such personal involvement may be established by alleging that a supervisor "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004).[7] Supervisory liability, in addition, can attach if a supervisor "maintained a policy, practice or custom which directly caused the constitutional harm," including a failure to adopt a practice. Parkell v. Danberg, 833 F.3d 313, 330 (3d Cir. 2016) (quoting Santiago, 629 F.3d at 129 n.5); Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014), rev'd on other grounds sub nom. Taylor v. Barkes, 575 U.S. 822 (2015) (per curiam).

The District Court held that the complaint failed to plausibly allege that the supervisory defendants directed others to violate the plaintiffs' constitutional rights or that the supervisory defendants had knowledge of and acquiesced in such violations. We agree that such claims were properly dismissed. While the complaint lists grievances by certain plaintiffs, as the District Court stated, there were only "conclusory allegations that named supervisory [d]efendants either received complaints or were aware of incidents of excessive force prior to the alleged violations." App. 15 (citation omitted); see Santiago, 629 F.3d at 134. To the extent that the complaint advances a claim of supervisory

---

[7] We have previously noted uncertainty regarding the scope of supervisory liability following Iqbal, but given our disposition of this appeal, it is unnecessary for us to resolve those issues. Argueta, 643 F.3d at 70.

liability based on a failure to train, we also agree with the District Court that these allegations are conclusory and therefore fail to state a claim under Rule 12(b)(6).

The plaintiffs raise a few additional arguments that warrant only brief discussion. First, we agree with the District Court that the plaintiffs' section 1983 conspiracy claims were properly dismissed under Rule 12(b)(6). To state a claim for a section 1983 conspiracy, a plaintiff must allege that persons acting under color of state law conspired to deprive him or her of a federally protected right. See Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 293–94 (3d Cir. 2018). The complaint alleges that all defendants conspired to conceal their identities and hide abuse they inflicted on inmates. But as the District Court concluded, such allegations are conclusory as the complaint is "devoid of allegations of coordination and agreement among [defendants]." App. 14 (quotation marks omitted); see Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010).

Second, the District Court did not abuse its discretion in denying both the plaintiffs' motion to further amend the complaint and motion for reargument. See In re Allergen Erisa Litig., 975 F.3d 348, 356–57 & n.13 (3d Cir. 2020) (motion to amend); Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010) (motion for reconsideration). The plaintiffs' motion to amend sought to correct typographical errors and add an "omitted paragraph" that lists approximately 50 plaintiffs who were injured but unable to identify their perpetrators due to identity-concealing measures. App. 17. For reasons described above, this conclusory allegation would not move the plaintiffs closer to meeting the requirements of Rule 8 and is therefore futile.

9

We similarly conclude that the District Court did not abuse its discretion in dismissing the plaintiffs' motion for reargument because the plaintiffs did not advance a proper basis for requesting reargument. See Howard Hess Dental, 620 F.3d at 251.

III.

For the foregoing reasons, we will affirm in part and reverse in part the order of the District Court dismissing all claims and remand for further proceedings consistent with this opinion. We express no opinion as to whether there are appropriate bases for dismissal for some of the plaintiffs' remaining claims, including under Rule 12(b)(6) or on the basis of qualified immunity. In addition, while we hold that dismissal of all claims under Rule 8 was not warranted, challenges under Rule 8 might be employed as to certain specific defendants. The District Court may decide in the first instance whether further amendment of the complaint is appropriate or whether other avenues exist to focus the issues such as voluntary dismissal of certain parties, limited discovery, or party stipulations regarding further motions directed at the pleadings.