**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 21-1821

---

UTILITY SYSTEMS, INC.

v.

INTERNATIONAL UNION OF OPERATING ENGINEERS
LOCAL 825 AFL-CIO
(D. NJ No. 2-20-cv-14369)

INTERNATIONAL UNION OF OPERATING ENGINEERS
LOCAL 825 AFL-CIO

v.

UTILITY SYSTEMS, INC.
(D. NJ No. 2-20-cv-14534)

Utility Systems, Inc.,
Appellant

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Nos. 2-20-cv-14369 & 2-20-cv-14534)
District Judge: Honorable Susan D. Wigenton

---

Submitted Under Third Circuit L.A.R. 34.1(a)
on April 1, 2022

---

Before: RESTREPO, ROTH, and FUENTES, *Circuit Judges*

(Filed: July 26, 2022)

## OPINION[*]

RESTREPO, *Circuit Judge*.

This appeal is about the arbitration of a labor dispute between Appellant Utility Systems ("Utility") and Appellee International Union of Operating Engineers Local 825, AFL-CIO ("Local 825"). The arbitrator entered an award in favor of Local 825. Utility moved the District Court to vacate the award, contending that the arbitrator committed misconduct by refusing to grant its request to reopen the arbitration—months after Utility rested its case—for additional witness testimony. The District Court found no basis to conclude that the arbitrator committed misconduct and confirmed the arbitration award. We will affirm.

### I.[1]

Utility, a construction contractor, and Local 825, a labor union, are parties to a collective bargaining agreement ("CBA"). The CBA, among other things, requires Utility to subcontract work only to those subcontractors who agree to follow certain hiring procedures. Utility, however, subcontracted work for four projects to contractors that did not follow the required procedures. Local 825 filed grievances for the violations, which proceeded to arbitration pursuant to the CBA.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] As we write for the benefit of the parties, we set out only the facts necessary for the discussion that follows.

At arbitration, Utility contended that its CBA violations were excused by an unwritten "work sharing agreement" that predated the CBA by decades. App. 2. But the testimony of Utility's witnesses at the arbitration undercut its position. Utility witnesses James Stevens and James Scarpone could not identify a work sharing agreement involving it. And Utility's principals—Benedita Barros and Frank Pinho—did not produce any writing between the parties supporting the existence of the work sharing agreement.

Months after Utility rested its case and the arbitration hearings concluded, but before the arbitration decision, Utility asked the arbitrator to reopen the hearings to permit it to recall Barros and Pinho and to call additional, then-unidentified representatives of Local 825 for the purpose of rebutting the testimony of Scarpone and Stevens—who, as noted, were Utility's own witnesses. Local 825 opposed reopening the arbitration. The arbitrator denied Utility's request, reasoning that "[b]oth parties had ample opportunity to present their cases-in-chief" and that reopening the hearings would be "anathema to the arbitration process." App. 3 (quoting Arb. Op. at 3).

Subsequently, the arbitrator issued a decision concluding that no binding work sharing agreement existed, finding that Utility had violated the CBA, and awarding $363,613.49 in damages to Local 825.

Utility then moved to vacate the arbitration award in the United States District Court for the District of New Jersey, arguing that the arbitrator's refusal to reopen the proceedings for additional witness testimony was misconduct that deprived Utility of a fair and complete hearing.

The District Court noted that Utility's request to reopen the arbitration was not due to newly discovered (or even overlooked) evidence. Indeed, the additional testimony Utility wanted to present was to rebut the testimony of its own two witnesses, and not to distinguish or counter any testimony put on by Local 825. The District Court further observed that if Utility wanted to rebut or clarify the testimony of its witnesses, it could have done so before it closed its case. Accordingly, the District Court found no basis to conclude that the arbitrator committed misconduct or that Utility was deprived of a fair hearing. It then denied Utility's motion to vacate the arbitration award and granted Local 825's cross-motion to confirm it. This appeal followed.[2]

## II.

"When reviewing a district court's denial of a motion to vacate an arbitration award, we review its legal conclusions de novo and its factual findings for clear error." *Whitehead v. Pullman Grp., LLC*, 811 F.3d 116, 119 n.23 (3d Cir. 2016). We may affirm on any grounds supported by the record. *Hassen v. Gov't of V.I.*, 861 F.3d 108, 114 (3d Cir. 2017).

There is a strong presumption under the Federal Arbitration Act in favor of enforcing arbitration awards. *E.g.*, *Brentwood Med. Assocs. v. United Mine Workers of Am.*, 396 F.3d 237, 241 (3d Cir. 2005). We review them under an "extremely deferential standard," the application of which "is generally to affirm easily the arbitration award." *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003).

---

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 9 U.S.C. § 16(a).

Our review is guided by a district court's "very limited role in reviewing the decision of an arbitrator appointed pursuant to a collective bargaining agreement." *Citgo Asphalt Ref. Co. v. Paper, Allied-Indus., Chem. & Energy Workers Int'l Union Loc. No. 2-991*, 385 F.3d 809, 815 (3d Cir. 2004). Arbitrators have wide latitude in how they conduct proceedings. *See Office & Prof'l Emps. Int'l Union, Local No. 471 v. Brownsville Gen. Hosp.*, 186 F.3d 326, 334–35 (3d Cir. 1999).

A court may vacate an arbitration award in certain circumstances, however, including "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced[.]" 9 U.S.C. § 10(a)(3). Accordingly, it is "axiomatic that a district court may vacate an award if a party to an arbitration proceeding has not been given notice and opportunity to present arguments and evidence on the merits of the dispute." *Teamsters Local 312 v. Matlack, Inc.*, 118 F.3d 985, 995 (3d Cir. 1997) (citations omitted). "The statute cannot be read, however, to intend that every failure to receive relevant evidence constitutes misconduct which will require the vacation of an arbitrator's award." *Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.*, 397 F.2d 594, 599 (3d Cir. 1968). Rather, "misconduct" under Section 10(a)(3) is conduct "which so affects the rights of a party that it may be said that [the party] was deprived of a fair hearing." *Id.*

## III.

Utility contends that the District Court erred in refusing to vacate the arbitration award, arguing that the arbitrator's decision not to reopen the proceedings was misconduct that deprived Utility of a fair opportunity to present all relevant information and testimony. We disagree.

As the District Court noted, the arbitrator gave Utility ample opportunity to present witnesses and arguments. Utility voluntarily rested its case. Utility suggests that it only rested its case because it anticipated that the matter would settle prior to the arbitrator issuing a decision, but that was Utility's prerogative. Utility's request to reopen the record was not based on newly discovered—or even overlooked evidence. Rather, Utility wanted to rebut certain testimony from its own witnesses—largely by allowing its principals (Barros and Pinho) a chance to reframe their earlier testimony. The decisions finding arbitrator misconduct that Utility cites are easily distinguishable, and it cites no case finding misconduct based on an arbitrator's refusal to reopen proceedings months after the requesting party rested its case. Regardless, we discern no misconduct here. We agree with the District Court that the arbitrator's refusal to reopen the proceedings to allow the proposed testimony—months after Utility rested its case—did not deprive it of a fair hearing.

## IV.

For the foregoing reasons, the judgment of the District Court is affirmed.