NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2353

_____

VERIFY SMART CORP,
Appellant

v.

BANK OF AMERICA NA;
BANK OF AMERICA CORP;
WELLS FARGO BANK NA;
WELLS FARGO & CO;
DAVID LEITCH; GARY LYNCH;
JAMES STROTHER; JIM HOWARD;
SEAN REILLY

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. No. 2:17-CV-04248)
District Judge: Honorable John M. Vazquez

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 22, 2022

_____

Before: MCKEE, RESTREPO, BIBAS, *Circuit Judges*.

(Filed: August 31, 2022)

_____

**OPINION***

_____

RESTREPO, *Circuit Judge*.

This appeal arises from the fallout of a patent-infringement settlement. Appellant Verify Smart Corp sued Appellees Wells Fargo and Bank of America (the "Banks"), alleging that the Banks acted though a banking industry group's subsidiary to challenge a patent they were contractually prohibited from challenging themselves. The District Court dismissed Verify's claims on the basis that it failed to plausibly allege an agency relationship between the industry group's subsidiary and the Banks. We will affirm.

## I.[1]

Prior to the instant litigation, Verify brought claims against the Banks for allegedly infringing its patent for multifactor-identification software. In response, Bank of America challenged the patent. They all settled, with the Banks promising not to challenge Verify's patent. But shortly thereafter, a subsidiary of a banking industry group—of which both Banks were members—challenged the same patent and succeeded in invalidating it. Understandably suspicious, Verify sued the Banks, claiming that they had breached and fraudulently induced the settlement agreements.

---

\* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

[1] As we write for the benefit of the parties, we set out only the facts necessary for the discussion that follows.

2

The crux of Verify's theory is that Askeladden L.L.C., the wholly-owned subsidiary of banking industry group The Clearing House Payments Company L.L.C. ("TCH"), acted as the Banks' agent to challenge the patent—which they were contractually forbidden to do themselves. In support, Verify alleged that: (i) the Banks and their peer institutions own and control TCH; (ii) TCH owns and controls Askeladden; (iii) TCH created Askeladden to challenge patents that adversely effect TCH's owners, including the Banks; (iv) TCH controls Askeladden's patent challenges on behalf of the Banks; and (v) Askeladden has an established practice of suing patent owners after TCH's member banks settle their patent challenges, and it did just that here.

After Verify had several chances to amend its claims, the District Court dismissed its Third Amended Complaint with prejudice. It held that Verify failed to state a claim against the Banks for breach of contract and fraud on the basis that it failed to plausibly allege they had an agency relationship with Askeladden.[2] Verify's allegations relied heavily on Askeladden's LLC Agreement for purposes of establishing agency. But the District Court found Verify's reliance misplaced, concluding that the LLC Agreement contradicted the existence of any agency relationship. It also found Verify's allegations insufficient to establish that any of the individuals Verify identified as associated with the Banks had "any authority to direct Askeladden to challenge patents" or had ever

---

[2]  Verify's notice of appeal generally references the District Court's entry of dismissal of the entire Third Amended Complaint—which included claims and defendants other than its breach and fraud claims against the Banks that we address here. But Verify makes no effort in its briefing to challenge the dismissal of those other claims, so they are abandoned. *See Sikora v. UPMC*, 876 F.3d 110, 112 n.1 (3d Cir. 2017).

3

communicated with the Banks in connection with filing the patent challenge. JA25.

Verify timely appealed.[3]

## II.

We review de novo a district court's order granting a motion to dismiss for failure to state a claim. *Wheeler v. Hampton Twp.*, 399 F.3d 238, 242 (3d Cir. 2005). At the motion to dismiss stage, "we accept all well-pleaded allegations in the Complaint as true and draw all reasonable inferences in favor of the non-moving part[y]." *M.A. ex rel. E.S. v. State-Operated Sch. Dist. of City of Newark*, 344 F.3d 335, 340 (3d Cir. 2003) (citing *Bd. of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 168 (3d Cir. 2002)). To survive a motion to dismiss, factual allegations "must be enough to raise a right to relief above the speculative level," which "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). We may affirm on any grounds supported by the record. *Hassen v. Gov't of V.I.*, 861 F.3d 108, 114 (3d Cir. 2017).

## III.

Verify contends that the District Court erred in holding that it failed to plead Askeladden was acting as the Banks' agent when it challenged Verify's patent. We disagree.

Verify failed to plausibly allege that Askeladden acted as an agent for the Banks when it filed the challenge to Verify's now-invalidated patent. While we agree with the

---

[3]   The District Court had jurisdiction pursuant to 28 U.S.C. § 1332(a). We have jurisdiction pursuant to 28 U.S.C. § 1291.

4

District Court that the timing of Askeladden's patent challenge was "suspicious," *see* JA 290, we also agree that the LLC Agreement actually shows that the Banks do not control which patents Askeladden challenges. And Verify does not allege any facts establishing that any Bank officer had authority over or responsibilities related to Askeladden.

## IV.

For the foregoing reasons, the judgment of the District Court is affirmed.