**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2019

_____

ANTHONY MARTINO,
on behalf of himself and all other persons similarly situated,
Appellant

v.

DAVID MAZIE, Esq.; ADAM SLATER, Esq.; MAZIE SLATER KATZ
& FREEMAN, LLC, hereinafter "Mazie Slater"

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-21-cv-20056)
District Judge: Hon. Robert B. Kugler

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
(January 26, 2023)

Before: HARDIMAN, KRAUSE, and MATEY, *Circuit Judges*.

(Filed: February 14, 2023)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Anthony Martino appeals the District Court's order dismissing his complaint with prejudice. For the reasons that follow, we will affirm.

I

Martino sued his lawyers, David Mazie and Adam Slater, and their law firm, Mazie Slater Katz & Freeman, LLC (collectively, Mazie Slater). Mazie Slater represented Martino and over 200 others in a products liability multidistrict litigation in the United States District Court for the District of New Jersey. Slater was co-lead counsel in the MDL, which involved the blood pressure medication Olmesartan and eventually settled for over $300 million dollars.

After settlement, Martino filed a putative class action against Mazie Slater in New Jersey state court on behalf of all clients Mazie Slater represented in the Olmesartan MDL. He alleged legal malpractice, conversion of funds, and unjust enrichment. The complaint asserts that Mazie Slater received contingent fees from the Olmesartan MDL in violation of various New Jersey court rules applicable to litigation in federal court under the District of New Jersey's local rules. Mazie Slater removed the case to the District Court. Because the civil docket sheet indicated that the case was related to the Olmesartan MDL, it was assigned to the same judge who had handled the MDL (the Honorable Robert B. Kugler). Mazie Slater moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint with prejudice. Martino responded with a motion for summary judgment, claiming that Mazie Slater violated New Jersey Rules of Court 1:21-7(i), (c), and (f).

2

The District Court granted Mazie Slater's motion to dismiss with prejudice and denied Martino's motion for summary judgment as moot. *Martino v. Mazie*, 2022 WL 1443689, at *1 (D.N.J. May 6, 2022). Martino timely appealed.

## II[1]

We exercise plenary review and can affirm the dismissal on any basis the Rule 12(b)(6) record supports. *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012); *Hassen v. Gov't of V.I.*, 861 F.3d 108, 114 (3d Cir. 2017).

Martino argues that the District Court resolved Mazie Slater's Rule 12(b)(6) motion improperly by "deciding many disputed issues of material fact" and relying on materials not appropriately considered on a motion to dismiss. Martino Br. 13; Reply Br. 5. But we need not decide whether the District Court converted Mazie Slater's Rule 12(b)(6) motion into a Rule 56 motion by relying on inappropriate materials. *See* Fed. R. Civ. P. 12(d). Any procedural error accompanying a possible conversion would be harmless because Martino's complaint warrants dismissal under Rule 12(b)(6). *See Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 199 (3d Cir. 2019).

## A

Martino alleges that Mazie Slater should have credited its individual MDL clients for monies it received through the MDL settlement's common benefit fund (CBF). Martino has identified no legal authority supporting the theory that awards disbursed

---

[1] We have jurisdiction under 28 U.S.C. § 1291. The District Court had jurisdiction under 28 U.S.C. § 1332(d)(2)(A).

from CBFs by court order to attorneys who exercised leadership roles in MDLs must be credited or paid to the attorneys' clients.[2] And we know of none. So the MDL plaintiffs were never entitled to the CBF award—which, as the District Court noted, was "remuneration *to the Olmesartan registrants' attorneys* for their efforts to steer the MDL litigation" to settlement. *Martino*, 2022 WL 1443689, at *8 (emphasis added). As the District Court wrote in its order approving the CBF distribution, it compensated work done and expenses incurred by MDL attorneys "for the common benefit of all MDL plaintiffs," not for work governed by each retainer agreement. App. 149; *see also* App. 152 (District Court order distributing attorneys' fees and costs for "common benefit work . . . expended in this MDL"). So Martino's allegation of "improper double dipping," Reply Br. 19, can't support legal malpractice, conversion, or unjust enrichment claims. Because double-billing was the only allegation supporting Martino's unjust enrichment claim, the District Court properly dismissed that claim.[3]

Martino likewise cites no law supporting his suggestion that Mazie Slater had to disclose its potential receipt of CBF awards to its MDL clients. He argues that Rule

---

[2] Martino cites an unpublished, out-of-circuit district court opinion to support his double-billing theory. But that case did not involve an MDL or CBF—it was about calculating hours worked under the Eleventh Circuit's "lodestar" standard. *Beckford v. Dep't of Corr., Fla.*, 2008 WL 11333851, at *1 (S.D. Fla. Sept. 8, 2008).

[3] The District Court thought the unjust enrichment claim turned on a violation of Rule 1:21-7(i). *Martino*, 2022 WL 1443689, at *1. But the complaint's third count accuses Mazie Slater only of "retain[ing] a benefit to which it is not entitled" by "fail[ing] to credit the plaintiff and class members with reimbursement of expenses that Defendants received from the [Olmesartan] settlement as part of their leadership position." App. 46. This allegation references the CBF funds. And in his response to the motion to dismiss, Martino defended his unjust enrichment claim only on CBF grounds.

1.5(c) of New Jersey's Rules of Professional Conduct mandated disclosure. That rule requires attorneys, "[u]pon conclusion of a contingent fee matter," to "provide the client with a written statement stating the outcome of the matter" and the amount of remittance. R.P.C. 1.5(c). But a court-managed CBF is distinct from an attorney-client retainer agreement, and CBF awards are distinct from contingent fees. As the District Court stated when ordering the CBF distribution, disbursement would occur "only *after* the awards to all participants in the Olmesartan settlement have been paid or distributed." App. 152 (emphasis added). So Martino's Rule 1.5(c) allegation also failed, as a matter of law, to entitle him to relief.

Martino argues as well that Mazie Slater violated Rule 1.5(a) of the Rules of Professional Conduct by not decreasing the amount it charged its MDL clients in view of its anticipated CBF award. Rule 1.5(a) lists eight factors "to be considered in determining the reasonableness of a fee." R.P.C. 1.5(a). None of them encompasses receipt of court-ordered CBF awards, however, presumably because CBF awards are not attorney's fees.

B

Martino also alleges that Mazie Slater violated New Jersey Rule of Court 1:21-7(c). That rule caps contingent fees by requiring attorneys seeking a fee on more than $3 million in damages recovered for any client to apply for court approval of a "reasonable fee." N.J. Ct. R. 1:21-7(c)(5). The assigned judge determines "a reasonable fee in light of all the circumstances." *Id.* at 1:21-7(f).

The complaint fails to state a claim for relief under Rule 1:21-7(c) because Martino has not alleged any facts, let alone plausible ones, showing that Mazie Slater

5

violated the rule. *See Sweda v. Univ. of Pa.*, 923 F.3d 320, 325–26 (3d Cir. 2019).

Martino has not alleged that he or Mazie Slater's other individual MDL clients recovered an amount requiring court approval (more than $3 million in damages). Martino's related allegations merely "embod[y] a legal point" by asserting generic conduct that would violate the rule. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016); *see, e.g.*, App. 44–45 (asserting that Mazie Slater "failed to honor the New Jersey Court Rules" by "t[aking] fees and costs without court approval"). These conclusory allegations failed to state a claim.

C

The last allegation on which Martino's legal malpractice and conversion claims depend is Mazie Slater's violation of Rule of Court 1:21-7(i). That rule, titled "Calculation of Fee in Settlement of Class or Multiple Party Actions," states:

> When representation is undertaken on behalf of several persons whose respective claims, whether or not joined in one action, arise out of the same transaction or set of facts or involve substantially identical liability issues, the contingent fee shall be calculated on the basis of the aggregate sum of all recoveries, whether by judgment, settlement or both, and shall be charged to the clients in proportion to the recovery of each.

N.J. Ct. R. 1:21-7(i). Martino does not argue on appeal that the claims of Mazie Slater's MDL clients "ar[o]se out of the same transaction or set of facts." So we must decide only whether Martino's complaint plausibly alleges that those claims "involve[d] substantially identical liability issues."[4]

---

[4] Martino contends that Mazie Slater should have been judicially estopped from arguing that the MDL claims of the putative class didn't "involve substantially identical liability issues" because Mazie Slater argued the "exact opposite" in the MDL. Martino Br. 40.

The complaint alleges no facts that, taken as true, entitle Martino to relief under Rule 1:21-7(i). The complaint says nothing about the liability issues implicated by Mazie Slater's MDL clients' claims. It does assert that Mazie Slater represented each member of the putative class in the Olmesartan MDL. But that doesn't show a violation of the rule. Transfer and consolidation of civil actions pending in district court are permitted where the actions "involv[e] one or more common questions of fact." 28 U.S.C. § 1407(a). Actions involving at least one common question of fact need not contain claims that "involve substantially identical liability issues," as the rule requires. So the District Court did not err when it rejected Mazie Slater's alleged violation of Rule 1:21-7(i) as a ground for relief on the legal malpractice and conversion claims.

*     *     *

We will affirm the District Court's order dismissing Martino's complaint with prejudice for the reasons stated. In light of this disposition, we will deny Martino's request to certify legal questions to the Supreme Court of New Jersey.

---

Martino rests his argument on a two-page filing before the Judicial Panel on Multidistrict Litigation in which Mazie Slater "request[ed] consolidation," under 28 U.S.C. § 1407, of Olmesartan actions in the District of New Jersey. App. 199.

We reject this contention. Mazie Slater's argument that MDL consolidation was proper under § 1407 is not "irreconcilably inconsistent" with its argument that the MDL claims of the putative class did not involve substantially identical liability issues, and there is no evidence that Mazie Slater took these positions in "bad faith." *Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 779 (3d Cir. 2001) (cleaned up).